Nance *v.* Chesney.

NANCE *v.* CHESNEY.

(*Knoxville.*    November 4, 1898.)

1. SUPREME COURT.   *Will not consider excluded evidence in chancery cause.*

Excluded evidence in a chancery cause cannot be looked to on appeal, where it was not made part of the record by bill of exceptions, nor set out in the minutes signed by the Chancellor, although the decree contains a brief general reference thereto, and to the rulings thereon.

Cases cited: Anderson *v.* Railroad, 91 Tenn., 54; Weakley *v.* Pearce, 5 Heis., 415; Steele *v.* Frierson, 85 Tenn., 438; Wynne *v.* Edwards, 7 Hum., 418; Kelley *v.* Fletcher, 94 Tenn., 5; Perry *v.* Pearson, 1 Hum., 431; Spurlock *v.* Fulks, 1 Swan, 291; Aymett *v.* Butler, 8 Lea, 453; Jones *v.* Stockton, 6 Lea, 133.

FROM UNION.

Appeal from Chancery Court of Union County. H. B. LINDSAY, Ch.

SAMUEL J. AILOR and SHIELDS & MOUNTCASTLE for Nance.

D. D. ANDERSON for Chesney.

McALISTER, J.   Complainants, as executors of John Nance, deceased, filed this bill to collect certain notes for purchase money of land, which were

Nance *v.* Chesney.

executed by the defendant, Gordon Chesney, to his co-defendant, William Kelley, and by the latter assigned to complainants' testator, John Nance. The facts, as found by the Court of Chancery Appeals, are substantially, viz.: On the 24th November, 1888, said William Kelley conveyed by deed the tract of land in controversy to Susan Chesney and Gordon Chesney, to each an undivided one-half interest, for the consideration of $1,500, $900 of which was paid, in full of the consideration due for the undivided interest conveyed to Susan Chesney, and for the balance of purchase money, to wit, $600, Gordon Chesney executed his four notes, for $120 each, maturing in one, two, three, and four years from date. A lien was retained on the face of the deed to secure these notes on one-half of the land, which is not to include the dwelling on the land, as recited in the deed. A lien was also retained on the face of the notes. On the 24th April, 1889, William Kelley assigned and transferred these notes to John Nance, complainants' testator, and guaranteed payment of same, waiving demand and notice. S. N. Kelley, son of William Kelley, also signed the assignment and guaranty of these notes. Credits amounting to $87 are entered on the notes, and this bill is filed to collect the balance and to subject the land as security. Susan Chesney was also made a party defendant, with a view of partitioning the land.

Defendant, Gordon Chesney, answered the bill,

and averred that John Nance, after the transfer of the notes to him, made S. N. Kelley, son of William Kelley, the former's agent, and authorized him to collect the notes, and that defendant, Gordon Chesney, with the knowledge, authority, and consent of John Nance, had made various payments to Kelley, which had not been credited on these notes, and that the notes had thereby been paid and satisfied.

The Chancellor pronounced a decree in favor. of the complainants, and against Gordon Chesney and William Kelley, for the sum of $791.66, balance due of principal and interest on said notes, after crediting them with amounts indorsed on first notes. This amount was decreed a lien on Gordon Chesney's one-half interest in the land, and the same was ordered to be sold for the satisfaction of said decree.

The Court of Chancery Appeals, in its opinion, finds that certain evidence was excluded by the Chancellor, which tended to show further payments by Chesney on these notes, and the question presented was, whether this excluded evidence was properly preserved by bill of exceptions, or otherwise, so that the action of the Chancellor in excluding it might be reviewed.

The decree of the Chancellor recites that, on the trial of this cause, complainants excepted to that part of the testimony of defendants, Gordon Chesney and William Kelley, which related to or purported to detail any transaction with, or statement by John Nance, deceased. They (complainants) also

objected to that part of the testimony which pur-
ported to give any contract with or statement by
S. N. Kelley, or any payments to said Kelley, be-
cause such evidence was mere hearsay, being had in
the absence of John Nance, etc.    Further, if Kelley
was agent of John Nance, deceased, as insisted by
defendant, Gordon Chesney, then Chesney could not
testify as to any conversation or transaction with, or
statements by, S. N. Kelley.    These exceptions were
sustained by the Court.

Complainants also objected to that part of the
testimony of James M. Sharp, James A. Dyer;
W. E. Collett, Linville Damewood, and W. R. Kel-
ley purporting to detail statements of John Nance,
deceased, in regard to notes which said Nance held
against each of them, as being irrelevant and imma-
terial to the issues in this case.    Complainants also
objected to that portion of the evidence detailed by
these witnesses and Susan Chesney and William
Kelley in regard to the payments made to S. N.
Kelley, or any contract Chesney had with Kelley to
the effect that he was to pay the notes with farm
products, on the ground that the evidence was
wholly irrelevant and immaterial to these issues, and
because, if made at all, were made in the absence
of John Nance, and, further, because the notes sued
on in this case were transferred to John Nance
before due, and, if Chesney made any payments to
Kelley, he did so at his peril; and the decree re-

cites, ''all of which objections were sustained by the Court.''

The Court of Chancery Appeals, without determining the competency and relevancy of the testimony excluded by the Chancellor, adjudged that it could not be considered on appeal, for the reason it had not been preserved and made a part of the record by bill of exceptions. This ruling was in accord with the settled practice of this Court. When evidence offered in a chancery cause is excluded upon objection, the correctness of the ruling cannot be challenged on appeal unless the excluded evidence be made a part of the record by bill of exceptions. *Anderson* v. *Railroad*, 91 Tenn., 54; *Steele* v. *Frierson*, 85 Tenn., 438; *Kelley* v. *Fletcher*, 94 Tenn., 5; 1 Hum., 431; 1 Swan, 291; 8 Lea, 453. The Court of Chancery Appeals therefore held that, in the absence of portions of the excluded evidence, there would not be sufficient evidence to justify it in finding in favor of the defendant, Chesney, for the credits claimed by him.

It is true that if the excluded evidence had been spread upon the minutes, with the exceptions and the action of the Court thereon, this would have served the place of a bill of exceptions, for the signature of the Chancellor to the minutes would have been an authentication of the action of the Court, and the evidence excluded would in this way have been precisely identified. In *Wynne* v. *Edwards*, 7 Hum., this Court, while announcing the general

rule that extraneous matter, to be available in this Court, must be made a part of the record by bill of exceptions, held it would be sufficient if it were spread upon the minutes, since the minutes must necessarily be signed by the Judge. So in *Weakley* v. *Pearce*, 5 Heis., 415, it was held an entry upon the minutes ordering a change of venue was a sufficient bill of exceptions, citing *Wynne* v. *Edwards*, *supra;* 6 Lea, 133.

In *Jones* v. *Stockton* the same rule is recognized. "The reason," says Judge Cooper, "is that the Judge thereby authenticates the fact or the paper precisely as if it had been embodied in a bill of exceptions signed by him. But," continues the Judge, "a mere reference to a document in an entry signed by the Judge is not sufficient."

It will be observed in the present case the excluded evidence is not set out in the decree, and it is only referred to in general terms. For instance, the decree recites that complainants objected to that part of the testimony which purported to give any contract with or statements by S. N. Kelley, or any payments to S. N. Kelley, upon the ground that, if Kelley was the agent of Nance, the testimony of these parties was incompetent, John Nance being deceased.

If this Court should hold that payments made to the agent of deceased could be proved by defendant, Chesney, in a suit against him by the executor of John Nance, deceased, the decree does not show the

amount of said payments, or that they were made on the particular notes in the suit. Again, if we should hold that Gordon Chesney is a competent witness to prove contracts with and statements made by S. N. Kelley, agent of John Nance, deceased, the particular contracts and statements are not set out in the decree.

It results that the decree was correct, and is affirmed.