TEROX CORPORATION OF AMERICA, Plaintiff in Error, v. ROBERT CARR, dba Carr Improvement Company, Defendant in Error.—376 S. W. (2d) 735.

Eastern Section. January 17, 1964.

Certiorari Denied by Supreme Court March 5, 1964.

596

David F. Tucker, Jr., Elizabethton, for plaintiff in error.

Street, Banks, Merryman & Musick, Allen, Nelson & Bowers, Elizabethton, for defendant in error.

S. J. MILLIGAN, Special Judge. Terox Corporation of America, hereinafter referred to as "Plaintiff", sued Robert Carr, dba Carr Improvement Company, hereinafter referred to as "Defendant", in the Circuit Court for Carter County, Tennessee on account.

Defendant by sworn plea alleged (1) that he was not now doing and never had done business as Carr Improvement Company, (2) that plaintiff is judicially and equitably estopped from maintaining his action, (3) that the merchandise was ordered by Carr Appliance and Furniture Company, Inc., through Robert H. Carr, its President, and (4) that the defendant is not indebted to plaintiff in any amount.

A jury was impaneled and Dean Droke, a banker and plaintiff's witness, was the first witness called. He testified in reference to Carr's bank account.

Plaintiff's next witness was Lloyd Perry, Clerk and Master, who testified that a general creditors' proceed-

ing had been filed against Carr Appliance and Furniture Company, Inc. and that the plaintiff herein had filed a claim in said action asserting that it had sold the identical merchandise for which a recovery is sought in this action to Carr Appliance and Furniture Company, and demanded judgment against Carr Appliance and Furniture Company, Inc., whereupon the Court withdrew the case from the jury on the ground that the issues presented were questions of law. To this action of the Court the plaintiff did not except, but concluded the introduction of its proof and rested. Thereupon on motion of the defendant the Court gave judgment for the defendant and dismissed the case.

The Trial Court, in discharging the jury before the plaintiff had completed the introduction of all of his evidence evidently felt that the action of the plaintiff in filing its sworn claim for the same account in the general creditors' proceeding which had been brought against Carr Appliance and Furniture Company, Inc., constituted judicial estoppel and that the issue presented was a question of law.

A certified copy of the verified claim filed in the creditors' proceeding is filed as an exhibit to the testimony of the Clerk and Master.

It recites that Carr Appliance and Furniture Company, Inc., placed an order on January 13, 1960 with Terox for merchandise and that same was duly received by the Appliance Company; that the amount of the account was Two Thousand, Seven Hundred and Sixty Dollars ($2,750.00) and that said amount was owing to it for said merchandise.

It asks for judgment against the Appliance Company and that it be adjudged to be a preferred claim.

The record shows that an order was entered allowing the claim of Terox as an unsecured general claim, and Terox filed exceptions thereto on the grounds that it had accepted the order and sold the material to Carr on his representations that he (Carr) was Carr Improvement Company and on the further ground that Carr had perpetrated a fraud on it by sending it a telegram which is filed as an exhibit and which is as follows:

"IN REFERENCE TO TELEPHONE CALL TONIGHT FILE CLAIM IN NAME OF CARR APPLIANCE CO INC INSTEAD OF CARR IMPROVEMENT DATE INVOICE 12-25-59="

In the exceptions the following appears:

"Petitioners allege that Robert H. Carr did sell their merchandise for and in the amount of Two-Thousand, Two Hundred Four Dollars and Sixty-Two Cents ($2,204.62) and that this money is traceable directly to the Carr Appliance and Furniture Company, therefore, this amount of the assets of the Carr Appliance and Furniture Company are held in a constructive trust for the petitioners herein."

Terox did not take its exceptions to the Master's Report to the Court. An order was entered on May 19, 1961 discharging Carr Appliance, Robert H. Carr and Vivian Carr as to all claims filed in the cause.

Prior to the entry of that order and on April 28, 1961 Terox procured an order to be entered reciting that on its motion it is "ordered by the Court that this claim is dismissed without prejudice and the claimant is left

with their remedies at law''. Counsel for the defendant insist they had no notice of such order.

Plaintiff did not rely on this order in its pleadings, it having simply joined issue on defendant's sworn plea, but now relies upon same to meet defendant's plea of judicial estoppel and res judicata.

After the jury had been discharged, plaintiff called its salesman, Arthur Schuffman, who said that on or about January 12, 1960 he, as a representative of the plaintiff, went to the Carr Appliance and Furniture Company place of business in Elizabethton, Tennessee for the purpose of seeing the defendant, Robert Carr, and not finding him there, he drove to Carr's home in Watauga. While there Schuffman testified that Carr told him that in the near future he was going into business as Carr Improvement Company. While there Schuffman took an oral order from Carr for products of the plaintiff Terox amounting to Two Thousand, Seven Hundred and Sixty Dollars ($2,760.00). He did not reduce the order to writing in Carr's home, but this was done later; however, he testified that Carr told him to ship the material to Carr Improvement Company, but admitted that at that time he knew there was no such company.

Carr Appliance and Furniture Company, of which Carr was an officer and stockholder, had a fire on December 30, 1959 which damaged the stock of merchandise. The building occupied by the Company at the date of the fire was damaging to the extent that it was necessary to move to another building. A claim for a substantial fire loss was pending against the fire insurance carriers at the time Schuffman called on Carr, and Schuffman testified that Carr told him that with the insurance money he

would be financially able to meet their credit requirements.

The order was shipped to Carr Improvement Company, Elizabethton, Tennessee where Carr Appliance and Furniture Company was located. Schuffman testified that his company had a strict credit department and that when he took the order he assumed the credit department would check the rating of Carr Appliance and Furniture Company.

The shipment was delivered to the ET & WNC Transportation Company warehouse and the freight receipt was signed "Carr Improvement Company" by R. H. Ramsey, and the freight bill was paid in cash.

The bill of lading showing consignment to "Carr Improvement Co." and copy of plaintiff's warehouse release are filed as exhibits.

The material was sold by Carr. Tom Caudill bought Terox products to the amount of One Thousand, Four Hundred Two Dollars and Seventy-Five Cents ($1,-402.75), and check was made to order of Bob Carr and was endorsed "Bob Carr—Mrs. Bob Carr". Caudill said he had never heard of Carr Improvement Company. Preston Thomas testified he bought Terox products from Robert Carr and paid for them by check. The record shows that three checks are payable to Bob or Robert Carr, one of which was endorsed by him, and three of which are made to Carr Appliance Company. All of the checks show they were made for Terox products. The material was picked up at Carr's warehouse. Thomas said he did not know why the checks were payable differently, that as far as he knew Carr and the Appliance

Company were one and the same. He said he had never heard of Carr Improvement Company.

The plaintiff has assigned four errors, the first being that there is no material evidence to support the judgment of the Court; the second that the Court erred in taking the case away from the jury and in discharging it; the third that the Court erred in adjudging that the plaintiff was judicially estopped from asserting its claim; and the fourth that the Court erred in sustaining defendant's plea of res judicata.

All of the assignments of error are so interrelated that they will be treated together. The Court in withdrawing the case from the jury and in entering judgment at the conclusion of plaintiff's evidence in effect directed a verdict for the defendant, and in connection therewith, adjudged that the plaintiff was judicially estopped from asserting its claim against the defendant and that the matter was res judicata between the parties and that plaintiff's own proof established as a matter of law that it was not entitled to recover from the defendant.

As we see it, the questions presented are as follows:

(1) Did the plaintiff Terox know, or should it have known that it sold and delivered the merchandise in question to Carr Appliance and Furniture Company, Inc.?

(2) Is the plaintiff, by filing its sworn pleading in the general creditors' proceeding instituted against Carr Appliance and Furniture Company, Inc., wherein it stated under oath that the merchandise was ordered by Carr Appliance and Furniture Company, Inc. and was delivered to it, judicially estopped now to assert to the contrary?

Plaintiff's representative testified at the time that he took the order he knew that there was no such company as Carr Improvement Company, that his company relied upon the credit rating of Carr Appliance and Furniture Company, that funds would be available for the payment of the merchandise out of the proceeds of insurance which Carr Appliance and Furniture Company was to receive as the result of a fire loss. Furthermore, the sworn claim filed in the insolvency proceeding in the Chancery Court lends credence to the theory of the defendant that the plaintiff knew that it was dealing with Carr Appliance and Furniture Company and not Carr Improvement Company.

Although the Court withdrew the case from the jury before the plaintiff was afforded an opportunity to introduce all of its evidence, counsel for the plaintiff did not except to this action and proceeded with the introduction of other witnesses and was afforded full opportunity to introduce all of its evidence. The fact that the jury was discharged prior to the completion of plaintiff's evidence in view of the action taken by the Court in giving judgment for the defendant on its motion therefor, in our opinion did not prejudice the plaintiff. The Court could just as easily have permitted the jury to sit in the jury box until the conclusion of the introduction of plaintiff's evidence and then directed a verdict in favor of the defendant, as to have discharged the jury before the proof was completed.

The plaintiff takes the position that the Court erred in finding that the plaintiff was judicially estopped. The term "judicial estoppel" as used in our reports indicates particularly "that class of estoppels arising from

sworn statements made in the course of judicial proceedings generally in a former litigation * * *.''

''The distinctive feature of the Tennessee law of judicial estoppel (or estoppel by oath) is the expressed purpose of the court, or broader grounds of public policy to uphold the sanctity of an oath. The sworn statement is not merely evidence against the litigant, but (unless explained) precludes him from denying its truth. It is not merely an admission but an absolute bar.'' Sartain v. Dixie Coal & Iron Co., 150 Tenn. 633 at 647, 266 S. W. 313 at 318.

In the Sartain case, supra, the Court quotes from Tate v. Tate, 126 Tenn. 169, 212, 148 S. W. 1042, as follows:

''The law upon this subject, as exhibited in our cases, is to the effect that where one states on oath, in a former litigation, either in a pleading, or in a deposition, or in oral testimony, a given fact as true, he will not be permitted to deny that fact in a subsequent litigation, although the parties may not be the same.''

██ The plaintiff insists that it was induced to file its claim in the Chancery proceeding against Carr Appliance and Furniture Company by the representations made to it by Carr and particularly the telegram hereinbefore quoted, and insists that Carr was thereby attempting to perpetrate a fraud upon it. If Carr had an ulterior motive in sending the telegram, then the plaintiff, Terox Corporation, was equally guilty, as it was in possession of all the facts and circumstances surrounding the entire transaction. It is well settled that judicial estoppel does not apply where there is an explanation showing such statement was inadvertent, inconsiderate, mistaken or

anything short of a willfully false statement of fact. Monroe County Motor Co. v. Tennessee Odin Ins. Co., 33 Tenn. App. 223 at 236, 231 S. W. (2d) 386, and cases cited.

We are of the opinion that plaintiff Terox's insistence of being misled is without merit, and this assignment is accordingly overruled.

By plaintiff's last assignment of error it insists that the Court erred in invoking the doctrine of res judicata.

Plaintiff filed its claim as preferred creditor in the general creditors' proceedings brought against Carr Appliance and Furniture Company. It was allowed as a general claim. It excepted thereto, but did not pursue its exceptions to the Court, whereupon an order was entered discharging Carr and Carr Appliance and Furniture Company from liability as to all claims filed in that cause; however, prior to the entry of this order, an order was entered dismissing plaintiff's claim without prejudice.

It is not necessary for a decision of this case to determine whether or not a plea of res judicata may be invoked.

We have heretofore found that the Court properly invoked the doctrine of judicial estoppel, which is determinative of the issues.

We are of the opinion that there is no error in the action of the Court in dismissing plaintiff's suit, and accordingly, the judgment of the Circuit Court is in all respects affirmed.

Terox Corporation of America will pay the costs of appeal.

McAmis, P. J., and Cooper, J., concur.