JACKSON G. COTHRON and WILSON COTHRON v. HOMER SCOTT and wife, KATIE SCOTT.

HOMER SCOTT and wife, KATIE SCOTT v. JACKSON G. COTHRON and WILSON COTHRON. —446 S.W.2d 533

Middle Section. June 27, 1969

Certiorari Denied by Supreme Court October 6, 1969.

Harold H. Cole, Hendersonville, for appellants.

J. C. McMurtry, Gallatin, for appellees.

TODD, J. This is a controversy over title to a tract of about 18 acres which allegedly lies either in Sumner County or in Trousdale County or partly in each county. Appellants, Jackson Cothron and L. W. (Wilson) Cothron, sued appellees, Homer Scott and Katie Scott in Circuit Court of Trousdale County in an action of ejectment. The Scotts sued the Cothrons in Trousdale Circuit Court to quiet title. Each of the circuit court cases was enjoined and superseded by a suit filed in the Chancery Court of Trousdale County. Upon hearing the consolidated chancery cases, the chancellor sustained the claims of the Scotts, and the Cothrons have appealed.

The first assignment of error complains of the exclusion of certain survey reports allegedly ordered, made, and filed in the circuit court cases.

No survey reports are found in this record. None are exhibited to any pleading or to the bill of exceptions. The final decree recites that:

"9. The court further finds that the said Jackson G. Cothron and L. W. Cothron did not properly introduce the survey heretofore ordered in this cause in the records in this Court, but only made reference to same

by argument of the said Jackson G. Cothron speaking in his own behalf and it is ordered that these surveys not be included in the technical records of this cause, if the said Jackson G. Cothron and L. W. Cothron desire to appeal the ruling of the Court to the Court of Appeals."

On pages 53 and 54 of the Technical Record is preserved a notice from appellants to the clerk and master designating: "parts of the record and papers for insertion in the transcript." No survey or report of survey is designated in such notice.

In this state of the record, this Court is without any basis upon which to sustain the first assignment of error. If, as insisted by appellants, the survey report or reports properly became a part of the records of the circuit court and subsequently of the chancery court, then appellants should have designated such documents for inclusion in the transcript, and if they were omitted, appellants should have suggested diminution of the record in this Court. Rule 20, Rules of Court of Appeals.

If, however, such records were not properly a part of the technical record, the bill of exceptions should show that they were properly offered in evidence, that objection was sustained, and that exceptions were duly preserved to the ruling of the court. Excluded evidence should be made a part of the bill of exceptions. See Nance v. Chesney, 101 Tenn. 466, 47 S.W. 690 (1898).

The first assignment of error is respectfully overruled.

The second assignment of error complains of the finding of the chancellor that the dispute involved in these cases had been previously and finally determined by the Chancery Court of Sumner County, Tennessee.

It is insisted that the disputed land was shown to be in Trousdale County, so that any adjudication of its title by a Sumner County Court would be ineffective.

The Sumner County decree, as adopted and copied into the final decree of the Chancery Court of Trousdale County recites:

"* * * Complainant (L. W. Cothron) has failed to prove the allegations set forth in his bill and amendments thereto, and, therefore, is not entitled to the relief prayed for or the real estate which he alleged in his bill he is entitled to, which real estate consists of approximately eighteen (18) acres, more or less, and is bounded by landowners as follows:

On the north by Clara E. Scott; on the east by Clara E. Scott; on the south by McClannahan and Cothron; on the west by Cothron."

A deed from Lester Blankenship and wife to Homer L. Scott and wife describes the land in dispute as follows:

'* * * a certain tract or parcel of land in 5th District Trousdale County, State of Tennesee, as follows:

Bounded on North by Mrs. Clara Scott;

Bounded on South by McClanahan & Cothron;

Bounded on East by Mrs. Clara Scott;

Bounded on West by Cothron, containing 18 acres more or less, and being the same land conveyed to Lester Blankenship and wife Alta Blankenship by Jennie Vaughn and Brodie Bates Hager by Deed Dated June 5th, 1950 and registered in the Register's Office of Trousdale County, Tennessee, in Deed Book No. U, Volume U, Page 574."

It is insisted that the land involved in the Sumner County suit is an entirely different tract of land from that involved in the Trousdale County suits. The chancellor found otherwise, and there was ample evidence to support his finding. The bill of exceptions shows that the Cothrons offered no oral testimony but relied upon eight documents. The testimony of Mrs. Brodie Hager contains the following:

"3. that from 1953 to 1959 she and Mrs. Jennie Vaughn and Homer Scott, were in litigation over this same property in the Chancery Courts of Trousdale, and Sumner County and that a final decree was rendered in their favor in October, 1959 by Chancellor Marable, in the Chancery Court of Sumner County,

"4. that this is the same 18 acre tract deeded by L. W. Cothron to his son, Jackson Cothron, which was declared to be the property of Homer Scott and wife by decree Chancellor Marable in 1959."

 Appellants insist that the decree of the Sumner Chancery Court is void because the land in controversy does not lie in Sumner County and the Sumner County Chancery Court therefore had not jurisdiction. This insistence cannot prevail for two reasons, viz:

a. The location of the land is a matter of fact which is in considerable dispute. In this situation, and without conclusive proof otherwise, it is conceivable, even probable, that a part of the land lies in each county, whereby the courts of either county would have jurisdiction. Sec. 20-404, T.C.A.

b. Appellants are estopped to deny the jurisdiction of the Sumner County Chancery Court, ergo the conclu-

siveness of its final decree. Since appellant, L. W. Cothron, invoked the jurisdiction of the Sumner Court by filing a bill therein regarding this real estate, it must be assumed that he made the necessary jurisdictional allegation in his bill that at least part of the land was located in Sumner County. Having lost his case in Sumner County, he is estopped to reverse his position and seek a retrial in Trousdale County, only to reverse his position again when unsuccessful in Trousdale.

■ In 31 C.J.S. Estoppel sec. 117, p. 623 is found the following:

"The rule is well established that during the course of litigation a party is not permitted to assume or occupy inconsistent and contradictory positions, and while this rule is frequently referred to as 'judicial estoppel,' it more properly is a rule which estops a party to play fast-and-loose with the courts."

The Doctrine of judicial estoppel has been recognized, approved and employed in a number of Tennessee cases, among which are Sartain v. Dixie Coal and Iron Co., 150 Tenn. 633, 266 S.W. 313 (1924); Terox Corporation v. Carr, 52 Tenn.App. 595, 376 S.W.2d 735 (1964) and Melton v. Anderson, 32 Tenn.App. 335, 222 S.W.2d 666 (1948).

■ In the foregoing article in 31 C.J.S. is also found the following:

"* * * One who has invoked the exercise of a jurisdiction within the general powers of the court is precluded from seeking to reverse its order on the ground of lack of jurisdiction. * * *" 31 C.J.S. Estoppel sec. 117 at pp. 626, 627.

In the case of Spence v. State Nat. Bank, Tex.Com. App. (1928), 5 S.W.2d 754, 756, the court said:

"(1) To permit one to invoke the exercise of a jurisdiction within the general powers of a court and then to reverse its orders upon the ground that it had no jurisdiction would be to allow one to trifle with the courts."

In Harlan v. Harlan, 70 Cal.App.2d 657, 161 P.2d 490 (1945) the court said:

"(2) The principle [opposing such action] is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant."

It therefore can be stated as a sound principle that one who invokes the jurisdiction of a court and loses his case therein cannot thereafter complain if another court relies upon the decision of the first court as valid in respect to its subject matter.

It is true, as insisted in the assignment of error, that the answer of the Scotts to the original bill of the Cothrons (TR 32) admits that "the cause has not been finally determined." This is not a reference to the Sumner County Chancery suit, but alludes to the suit mentioned in paragraphs 12 and 13 of the Cothrons' original bill, which suit was filed by the Scotts against the Cothrons in the Circuit Court of *Trousdale County,* and which was enjoined as previously stated. The same answer (TR 31) contains the following:

"The defendants deny all of the allegations in paragraph 7, but avers the decree granted by S. A. Ma*rble* in the Chancery Court of Sumner County was a full and final settlement of the litigants (sic) in the suit in the cause and that there is no reserve tract of land described in the will of James Littleton."

The original bill of the Scotts (TR 3) does pray:

"Complainants, therefore, aver that they are entitled to have this cause heard on its merits before the Chancery Court of Trousdale County, Tennessee, the subject matter being that of exclusive jurisdiction of the Chancery Court."

\* \* \* \* \* \*

"2. That at the hearing the Complainants be declared the owners in fee of the above described property."

However the same bill states:

"\* \* \* the complainant, L. W. Cothron would begin a suit in one of the said counties take a non-suit and file it in the other county and this pattern of litigation continued until the said date of October 9, 1959 when a case was finally determined before the Honorable S. A. Marable, Chancellor, in which the Chancellor in the final decree entered a judgment against the said L. W. Cothron in the said cause of L. W. Cothron vs. Jennie Vaughn and others. Complainants bill was dismissed and he was required to pay the costs. Said decree appears in Minute Book 36, page 31 in Sumner County, Tennessee and a certified copy of said decree is file of exhibit A of this petition."

The second assignment of error is respectfully over-ruled.

The third assignment of error is as follows:

"1. The Chancellor erred in finding that the deed from Jennie Vaughn and Brodie Bates to Lester Blankenship and wife, was not champertous and void.

"The deed to Blankenship, dated June 5, 1950, and filed with the Register the same day, (Ex. p. 65) was executed three years after the final report was filed (Ex. pp. 52-60) by the Executrix of the Estate of Jessie Littleton. The tenor of the Executrix's final report and of the Executrix's deed to L. W. Cothron (Ex. p. 56) show conclusively that the intent was to convey all the land in the Estate to L. W. Cothron."

Although the ruling of this Court upon the second assignment is conclusive of the merits of these appeals, the record has been studied in response to the third assignment.

The preponderance of evidence supports the finding of the chancellor:

"2. That the said Homer Scott and wife, Katie Scott have been in actual possession of the said property since acquiring same from Lester Blankenship and that they have paid taxes in Trousdale County, Tennessee on said property since 1950, as shown by the tax receipts made exhibit 1 to the testimony of Homer Scott. The Court further finds that the said 18 acres tract of land is located between the home farm of the said Homer Scott and the said L. W. Cothron and that for several years prior to the conveyance by warranty deed to him of this property that he supervised and received

the benefits of pasture and hay crops grown on the said property and that the said L. W. Cothron and Jackson G. Cothron have never been in actual physical possession of the said property at any time."

Since the record before this Court amply supports the conclusions assigned as error in the third assignment, it is respectfully overruled.

■ Appellants further assign as error the denial of their petition to rehear, based upon the fact that appellants conducted this litigation entirely without counsel until the filing of petition to rehear, and upon the further ground that appellants were unable to secure from the circuit court clerk the surveys heretofore mentioned. A rehearing granted on such grounds is in the nature of a new trial granted upon grounds of surprise, blameless misfortune, or newly discovered evidence. The granting or refusal of such relief rests in the sound discretion of the trial judge, and his exercise of such discretion will not be disturbed on appeal in the absence of a palpable misuse or abuse of that discretion and an obvious injustice. See Capshaw v. Town of Cookeville, 185 Tenn. 96, 203 S.W.2d 369 (1947) and cases cited therein. See also Stepp v. Black, 14 Tenn.App. 153 (1931).

This record discloses a long and tedious history of repeated litigation over a comparatively modest quantity of land. The appellants have had many "days in court." The dispute between the parties must reach a judicial finality. It cannot be allowed to occupy the courts and the parties interminably. Other parties must also have their "day in court."

The courts have done the best they could with the material presented to them. From the record, the conclusion reached is just and must be affirmed.

All assignments of error are respectfully overruled and the decree of the chancellor is affirmed with costs.

Affirmed.

Shriver, P. J.(M.S.), and Puryear, J., concur.