# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 16, 2001 Session

## KEVIN STUMPENHORST v. JERRY BLURTON, JR., ET AL.

**Direct Appeal from the Circuit Court for Madison County**
**No. C97-305; The Honorable Roy B. Morgan, Judge**

---

**No. W2000-02977-COA-R3-CV - Filed February 27, 2002**

---

This case arises from an automobile accident in which the Appellee was injured while a passenger in a truck driven by the Appellant's son. The Appellee filed a complaint in the Circuit Court of Madison County against the Appellant and his son. The Appellant and his son filed an answer which specifically pled an affirmative defense of comparative negligence. The Appellee filed a motion for summary judgment against the Appellant and his son. The trial court denied the motion for summary judgment against the Appellant and granted the motion for summary judgment against the Appellant's son. The Appellee filed a motion to strike the affirmative defense of comparative negligence. The trial court granted the motion to strike. Following a jury trial, the jury found that the Appellee's injuries were caused by the negligence of the Appellant's son and that the Appellee was entitled to recover $1,300,000.00 in damages. The jury found that the Appellant was liable under the family purpose doctrine. The Appellant filed a motion for a judgment notwithstanding the verdict, for a new trial, or for a remittitur. The trial court denied the Appellant's motion.

The Appellant appeals the decision of the Circuit Court of Madison County disallowing the Appellant to introduce evidence of the Appellee's comparative negligence. The Appellant also appeals the jury verdict finding the Appellant liable under the family purpose doctrine for $1,300,000.00 in damages. For the reasons stated herein, we reverse and remand this case for a new trial in accordance with this opinion.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Melanie M. Stewart, Joseph H. Crabtree, Jr., Memphis, TN, for Appellant

Ricky L. Boren, Jackson, TN, for Appellee

### OPINION

## I. Facts and Procedural History

On November 28, 1996, the Appellee, Kevin Stumpenhorst ("Mr. Stumpenhorst"), was injured in an automobile accident in which he was a passenger in a truck driven by Jerry Blurton, Jr. ("Mr. Blurton, Jr."). As a result of the accident, Mr. Blurton, Jr. was charged with driving under the influence, vehicular assault, and reckless endangerment. On October 13, 1998, Mr. Blurton, Jr. was tried on the charges in the Criminal Court of Madison County. At the criminal trial, Mr. Blurton Jr.'s father, the Appellant, Jerry Blurton, Sr. ("Mr. Blurton Sr."), testified that Mr. Blurton, Jr. did not appear to be intoxicated or impaired following the accident. Mr. Blurton, Sr. testified as follows:

> Attorney: Did you make any determination whether or not Jerry had been drinking?
>
> Mr. Blurton, Sr.: Well, sure I did. I mean, he was walking across the highway at me, he didn't stumble, didn't wobble. He was just as calm as he could be.
>
> Attorney: Did you smell any alcohol on or about his person?
>
> Mr. Blurton, Sr.: No, I did not.
>
> Attorney: Did he appear to be impaired?
>
> Mr. Blurton, Sr.: No, he did not.
>
> Attorney: Were you able to determine if he had anything to drink?
>
> Mr. Blurton, Sr.: Talking with him and being real close to him, I couldn't tell he had been drinking at all. Like I said a while ago, I went out in the hallway with the officer. I was standing there right beside my son when the officer was talking with him. . .
>
> Attorney: Did Jerry ever do anything to indicate to you that he had been drinking?
>
> Mr. Blurton, Sr.: No, sir.

The other testimony and proof presented at the criminal trial, however, confirmed that Mr. Blurton, Jr. and Mr. Stumpenhorst had been drinking beer on the night of the accident and that Mr. Blurton, Jr. was legally intoxicated at the time of the accident.

On August 26, 1997, Mr. Stumpenhorst filed a complaint in the Circuit Court of Madison County against Mr. Blurton, Jr. and Mr. Blurton, Sr. The complaint alleged that Mr. Blurton, Jr. was

negligent in operating his truck at the time of the accident. The complaint alleged that Mr. Blurton, Sr. was liable under the family purpose doctrine. The complaint requested damages in the amount of $750,000.00 for serious and permanent bodily injury, physical disfigurement, past and future medical expenses, past and future pain and suffering, loss of earning and earning capacity, mental and emotional injury, and loss of enjoyment of life. On October 9, 1997, Mr. Blurton, Jr. and Mr. Blurton, Sr. filed an answer to the complaint. The answer pled an affirmative defense of comparative negligence on the part of Mr. Stumpenhorst.

On December 18, 1997, the deposition of Mr. Blurton, Jr. was taken. At the deposition, Stewart Stallings ("Mr. Stallings"), the attorney for Mr. Blurton, Jr. and Mr. Blurton, Sr.,[1] and Ricky Boren ("Mr. Boren"), the attorney for Mr. Stumpenhorst, discussed the following:

> Mr. Stallings: Let me state that Mr. Boren and I discussed the interrogatory answers and I think it's leading to this discussion and I think we understand the answer to the question, but based on the testimony of my client we would not have any basis for comparative fault against Mr. Stumpenhorst.
>
> Mr. Boren: So that will not be a – that defense will either be stricken or want [sic] be raised at trial.
>
> Mr. Stallings: I guess it won't be – yeah, won't be raised and if we have to clarify that, but right now we don't have any basis to seek comparative fault.
>
> Mr. Boren: Okay.

The deposition of Mr. Blurton, Sr. was also taken on December 18, 1997. Mr. Blurton, Sr. testified by deposition that Mr. Blurton, Jr. did not appear to be intoxicated at the scene of the accident. Mr. Blurton, Sr. testified as follows:

> Attorney: Were you able to draw an impression as to whether he was – had his wits about him, was he able to drive; in other words, did he look like he was under any sort of influence of anything to you?
>
> Mr. Blurton, Sr.: Not at all. The policeman said the same thing.

On March 26, 1998, Mr. Stumpenhorst filed a motion for summary judgment against Mr. Blurton, Jr. and Mr. Blurton, Sr. On March 19, 1999, the trial court granted summary judgment

---

[1]Mr. Stallings represented both Mr. Blurton, Jr. and Mr. Blurton, Sr. until November 22, 1999. At that time, Mr. Blurton, Sr. filed a notice of appearance and a motion for continuance stating that he had obtained separate counsel from Mr. Blurton, Jr. due to a conflict of interest.

against Mr. Blurton, Jr. on the issue of liability but allowed the issue of damages to go to the jury. The trial court denied summary judgment against Mr. Blurton, Sr. On October 6, 1999, Mr. Stumpenhorst filed a motion to amend the complaint to increase the amount of requested damages from $750,000.00 to $1,500,000.00. On December 9, 1999, the trial court granted the motion to amend the complaint. On January 20, 2000, Mr. Stumpenhorst filed an amended complaint. The amended complaint alleged an additional cause of action against Mr. Blurton, Sr. under the theory of negligent entrustment. On February 11, 2000, Mr. Blurton, Sr. filed an answer to the amended complaint. The answer to the amended complaint pled an affirmative defense of comparative negligence on the part of Mr. Stumpenhorst. Specifically, the answer to the amended complaint alleged that Mr. Stumpenhorst was negligent and assumed risks that were known or reasonably should have been known to him in occupying the truck operated by Mr. Blurton, Jr.

On February 16, 2000, Mr. Stumpenhorst filed a motion to strike the affirmative defense of comparative negligence. The motion alleged that the affirmative defense of comparative negligence should be stricken because (1) Mr. Blurton Sr.'s attorney stipulated that there were no facts to support comparative negligence; and (2) Mr. Blurton, Sr. testified in Mr. Blurton Jr.'s criminal case and at the December 18, 1997 deposition that Mr. Blurton Jr. was not intoxicated at the time of the accident. On April 18, 2000, the trial court entered an order striking the affirmative defense of comparative negligence. The trial court relied on the parties' stipulation and the theory of judicial estoppel in striking the affirmative defense of comparative negligence.

On August 9 and 10, 2000, a jury trial was held. Following the trial, the jury found that Mr. Stumpenhorst's injuries were legally caused by Mr. Blurton, Jr.'s negligence. The jury found that Mr. Stumpenhorst was entitled to recover $1,300,000.00 in damages. The jury found that Mr. Blurton, Sr. was liable for the damages under the family purpose doctrine. Finally, the jury found that Mr. Blurton, Sr. was not liable under the theory of negligent entrustment. On September 14, 2000, Mr. Blurton, Sr. filed a motion for a judgment notwithstanding the verdict, for a new trial, or for a remittitur. On November 8, 2000, the trial court entered an order denying the motion for a judgment notwithstanding the verdict, for a new trial, or for a remittitur. On December 5, 2000, Mr. Blurton, Sr. filed a notice of appeal.[2]

## II. Standard of Review

Our standard of review as to findings of fact by a jury in a civil action is limited to determining whether there is any material evidence to support the verdict. See TENN. R. APP. P. 13(d). Appellate courts do not determine the credibility of witnesses or weigh evidence on appeal from a jury verdict. See Pullen v. Textron, Inc., 845 S.W.2d 777, 780 (Tenn. Ct. App. 1992) (citing Crabtree Masonry Co. v. C & R Constr., Inc., 575 S.W.2d 4, 5 (Tenn. 1978)). A judgment based on a jury verdict will not be disturbed on appeal where the record contains material evidence supporting that verdict. See Reynolds v. Ozark Motor Lines, Inc., 887 S.W.2d 822, 823 (Tenn. 1994).

---

[2]Mr. Blurton, Jr. failed to file a notice of appeal and is not a party to this appeal.

### III. Law and Analysis

The following issues are presented for our review:

1) Whether the trial court erred by not allowing Mr. Blurton, Sr. to introduce evidence of Mr. Stumpenhorst's comparative negligence;
2) Whether the evidence was sufficient to support a verdict against Mr. Blurton, Sr. under the family purpose doctrine; and
3) Whether the damages awarded by the jury are excessive in light of the evidence.
We will examine each issue in turn.

The first issue presented for our review is whether the trial court erred by not allowing Mr. Blurton, Sr. to introduce evidence of Mr. Stumpenhorst's comparative negligence. In granting Mr. Stumpenhorst's motion to strike the affirmative defense of comparative negligence, the trial court stated that it relied on (1) the stipulation of the parties' attorneys at Mr. Blurton, Jr.'s deposition that comparative negligence would not be raised as an affirmative defense; and (2) the testimony of Mr. Blurton, Sr. at the prior judicial proceedings that Mr. Blurton, Jr. did not appear intoxicated at the scene of the accident. We must examine the law of stipulations and judicial estoppel in order to determine whether the trial court erred by not allowing the introduction of comparative negligence at trial.

### Stipulations

A stipulation is defined as "an agreement between counsel regarding business before the court which is entered into mutually and voluntarily by the parties." Overstreet v. Shoney's, Inc., 4 S.W.3d 694, 701 (Tenn. Ct. App. 1999) (citing State v. Ford, 725 S.W.2d 689, 691 (Tenn. Crim. App. 1986; State v. Morris, 641 S.W.2d 883, 889 (Tenn. 1982)). Parties may stipulate to questions of fact or legal strategies but may not stipulate to questions of law. See Mast Advertising & Publishing, Inc. v. Moyers, 865 S.W.2d 900, 902 (Tenn. 1993). Though a stipulation need not follow a particular form,

> its terms must be definite and certain in order to afford a proper basis for judicial decision. If the stipulation is ambiguous and uncertain in its terms, it should be disregarded by the courts. A stipulation should discuss the who, what, where and why of the contested matter, and specify the terms of the settlement and any conditions or sequence of events that attach thereto. Stipulations must be carefully constructed and drawn, and if they are not, they should not be incorporated in an order. Factors to consider in determining whether a stipulation was entered into properly are whether the party had competent representation of counsel, whether extensive and detailed negotiations occurred, whether the party agreed to the stipulation in open court, and whether, when

questioned by the judge, the party acknowledged understanding the terms and that they were fair and equitable.

83 C.J.S. *Stipulations* § 13 (2000) (internal citations omitted).

In the case at bar, the trial court stated that in granting the motion to strike the affirmative defense of comparative negligence, it relied upon the stipulation of the parties at Mr. Blurton, Jr.'s deposition that the defense would not be raised at trial. At the deposition of Mr. Blurton, Jr., Mr. Stallings, the attorney for Mr. Blurton, Jr. and Mr. Blurton, Sr., stated that based upon Mr. Blurton, Jr.'s testimony, he did not have a basis to seek comparative negligence. Mr. Boren, the attorney for Mr. Stumpenhorst, asked Mr. Stallings whether the defense would be stricken or not raised at trial. Mr. Stallings stated that he *guessed* the defense would not be raised but alluded to the fact that he might have to clarify that position at a later time. Mr. Stallings stated that *right now* he had no basis to seek comparative negligence.

In applying the law of stipulations to the facts of this case, we find that the brief exchange between Mr. Stallings and Mr. Boren failed to rise to the level of a stipulation. Mr. Stallings did not commit to Mr. Boren that he never intended to raise the issue of comparative negligence at trial. Rather, he stated that at the time of the deposition, he did not foresee raising the issue of comparative negligence but that as the litigation progressed, he might have to reevaluate or clarify his decision. There were no extensive and detailed negotiations between counsel for the parties concerning the terms of the "stipulation." Counsel for the parties failed to discuss the who, what, where, and why of the "stipulation," and the terms were neither definite nor certain. The statements by Mr. Stallings were wholly vague and ambiguous, as even the trial court agreed at the hearing on the motion to strike. Because we find that the conversation between Mr. Stallings and Mr. Boren failed to constitute a stipulation, we find that the trial court erred by relying upon the "stipulation" in granting the motion to strike the affirmative defense of comparative negligence.

**Judicial Estoppel**

Under the doctrine of judicial estoppel, "where one states on oath in former litigation, either in a pleading or in a deposition or on oral testimony, a given fact as true, he will not be permitted to deny that fact in subsequent litigation, although the parties may not be the same." Melton v. Anderson, 222 S.W.2d 666, 669 (Tenn. Ct. App. 1948) (citing Tate v. Tate, 148 S.W. 1042 (Tenn. 1912)). Judicial estoppel prevents a party from denying the truth of a former sworn statement in a later proceeding, plea, or motion. See Terox Corp. of Am. v. Carr, 376 S.W.2d 735, 738-39 (Tenn. Ct. App. 1964). Judicial estoppel does not apply, however, where the statement was inadvertent, inconsiderate, mistaken, or anything short of a willfully false statement. See Monroe County Motor Co. v. Tennessee Odin Ins. Co., 231 S.W.2d 386, 392 (Tenn. Ct. App. 1950) (citations omitted).

In the case at bar, the trial court stated that in granting the motion to strike the affirmative defense of comparative negligence, it relied upon the doctrine of judicial estoppel. Specifically, the trial court relied upon the testimony of Mr. Blurton, Sr. at the criminal trial and the December 18,

1997 deposition that Mr. Blurton, Jr. did not appear intoxicated at the scene of the accident. At both the criminal trial and the deposition, Mr. Blurton, Sr. testified to the simple observations he made of Mr. Blurton, Jr. following the accident. Mr. Blurton, Sr. testified that Mr. Blurton, Jr. did not appear intoxicated in that he did not smell of alcohol and did not stumble or wobble while walking.

In applying the law of judicial estoppel to the facts of this case, we find that the trial court erred by finding that judicial estoppel barred Mr. Blurton, Sr. from presenting evidence of Mr. Stumpenhorst's comparative negligence. As stated above, the doctrine of judicial estoppel does not apply where the former sworn statement was anything short of a willfully false statement. The evidence presented before us does not support a finding that Mr. Blurton, Sr.'s testimony at the criminal trial and the deposition was willfully false. Additionally, by presenting evidence of Mr. Stumpenhorst's comparative negligence, Mr. Blurton, Sr. was not attempting to contradict or deny his former testimony that Mr. Blurton, Jr. did not appear intoxicated to him. Rather, Mr. Blurton, Sr. sought to present evidence that Mr. Blurton, Jr. was legally intoxicated, that Mr. Stumpenhorst knew or should have known of Mr. Blurton, Jr.'s intoxication, and that Mr. Stumpenhorst had been drinking with Mr. Blurton, Jr. on the night of the accident. We find that permitting Mr. Blurton, Sr. to present evidence of Mr. Stumpenhorst's comparative negligence would not undertake to contradict Mr. Blurton, Sr.'s former sworn testimony and, thus, should not have been barred under the doctrine of judicial estoppel.

Accordingly, we reverse the trial court's decision disallowing Mr. Blurton, Sr. to introduce evidence of Mr. Stumpenhorst's comparative negligence and remand this case for a new trial. Since we find that this issue alone warrants reversing the trial court's disposition of this matter and remanding it for a new trial, our consideration of the other issues presented for our review is pretermitted.

## IV. Conclusion

For the foregoing reasons, we reverse the decision of the trial court disallowing Mr. Blurton, Sr. to introduce evidence of comparative negligence on the part of Mr. Stumpenhorst. We remand this case to the trial court for a new trial in accordance with this opinion. Costs of this appeal are taxed against the Appellee, Kevin Stumpenhorst, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE