IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 5, 2007

## DEMETRICA BELL v. CATHY ANN BELL

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-DI-02-299    Carol Catalano, Chancellor**

———————————

**No. M2004-01975-COA-R3-CV - Filed July 18, 2007**

———————————

Wife appeals from the trial court's final decree of divorce, alleging various deficiencies in the proceedings. Based on the limited record before us, which includes Wife's specific waiver of most of the issues she now raises, we affirm the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM B. CAIN, and FRANK G. CLEMENT, JR., JJ., joined.

Cathy Ann Bell, Cheraw, South Carolina, Pro Se.

Christoper W. Barbar, Clarksville, Tennessee, for the appellee, Demetrica Bell.

**OPINION**

Demetrica Bell ("Husband") and Cathy Ann Bell ("Wife") were divorced by a Final Decree entered July 16, 2004, by the Chancery Court for Montgomery County. Wife did not appear at trial in person or through counsel, and the trial proceeded without her. Wife filed a timely Notice of Appeal from the judgment. In this appeal, Wife challenges the jurisdiction of the trial court; objects to the court proceeding to hear the case without her; asserts that a number of statements in the complaint filed by Husband, including statistical information, were false; and asserts that grounds were not sufficiently alleged or proved.

The record in this case does not include a transcript of the trial or a statement of the evidence. Thus, to the extent Wife's arguments are based on the sufficiency of the evidence at trial, we must presume the evidence, had it been preserved, would have supported the trial court's judgment. Where factual issues are raised, without an appellate record containing the facts, this court cannot perform a *de novo* review or determine the preponderance of the evidence. *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Therefore, in such cases, we usually assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual

findings. *Id.*; *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1988); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1987).

Applying that rule to the case before us, we must find that Wife's issues regarding sufficiency of the evidence as to any finding by the trial court are without merit.

The remainder of Wife's issues on appeal are resolved by reference to the appellate record that has been filed herein, the Tennessee Rules of Appellate Procedure, and principles of waiver and estoppel. The record before us, consisting of the Technical Record, shows that Husband, through counsel, filed a Complaint for Divorce alleging as grounds irreconcilable differences and inappropriate marital conduct by Wife. In addition to the statutorily required statistical information, the Complaint further alleged:

1.     Jurisdiction. The Complainant has been a resident of Tennessee for more than six months preceding the filing of this Complaint.

3.     This Honorable Court has jurisdiction to hear this matter.

4.     There are no children born of this marriage.

5.     The parties do not own any real property.

6.     The parties have already amicably divided their personal property.

Approximately four months later Wife, through counsel, filed an Answer opposing the divorce. In that answer, Wife specifically admitted the statistical information in the Complaint; the jurisdiction of the court to hear the matter, noting that Husband had been a resident of Tennessee for more than six months; and that the parties had no children, did not own any real property and had divided their personal property.

Nine months later, Wife filed an Amended Answer with Counterclaim. In that pleading, she specifically adopted the statistical information in Husband's Complaint. She added a counterclaim for divorce alleging as grounds adultery by Husband. She asked for various relief including a division of property (vehicles) and debt related thereto as well as various military benefits. (Husband and Wife were apparently in the military at the time the divorce proceedings were instituted.) Wife signed an affidavit verifying the statements in her counter claim.

Shortly before the trial date, Husband, through counsel, made various pretrial filings pursuant to local rules of court, sending a copy to Wife's attorney, as evidenced by the certificate of service on those filings.

After trial, the court granted a divorce to Husband, allocated debt according to whose name the debt was in, and divided the parties' personal property by awarding each party the property currently in his or her possession.

As noted earlier, the trial court proceeded with trial of the matter on the scheduled date and without the presence of Wife or her attorney. As to this procedure, and as to other issues raised by Wife, the trial court's final decree states the following findings:

1. That this case was set for a final hearing for contested divorce on July 13, 2004, at 10:00 a.m.

2. That this hearing date was set during the Status Conference in this matter.

3. That the Court and counsel for Complainant attempted to contact John Link, counsel for Defendant.

4. That when the Court was unable to reach Mr. Link, the Court proceeded.

5. That the Defendant admitted the statistical data in the original Complaint in this matter.

6. That the Defendant admitted that Tennessee has jurisdiction to hear this matter.

7. That the Defendant admitted that the parties have no children born of this marriage.

8. That the Defendant admitted that the parties own no real property.

9. That the Defendant admitted that the parties have divided their personal property.

10. That the Defendant admitted that once she retired and left Montgomery County, Tennessee, she did not receive support because the Complainant could not locate her.

11. That the Defendant admitted that process was served on her at her father's residence.

12. That the Defendant admitted that her residence and living circumstances since February, March 2001, where unknown to Complainant.

Under Rule 36 of the Tennessee Rules of Appellate Procedure, an appellate court is not required to grant relief to a party responsible for an error or who failed to take reasonable action to prevent or nullify the harmful effect of an error. Tenn R. App. P. 36(a). As the Advisory Committee made clear, this provision "is a statement of the accepted rule that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error." Tenn. R. App. P. 36, cmt. (a).

As to Wife's allegations made on appeal that the trial court lacked jurisdiction, it is clear that any error in the trial court's exercise of jurisdiction was invited and/or waived by Wife or Wife is estopped from asserting. As the trial court's findings and the filings in the record make clear, Wife agreed that the court had jurisdiction. She also made a general appearance by answer and filed her own countercomplaint asking the court to award her a divorce, thus subjecting herself to the personal jurisdiction of the court. *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994) (holding that personal jurisdiction relates to the court's authority to adjudicate the claim as to that person and can be waived by the express or implied consent of the parties); *Cothron v. Scott*, 446 S.W.2d 533, 535 (Tenn. Ct. App. 1969) (holding that a party who invokes the jurisdiction of the court and loses is estopped to reverse his position).

Subject matter jurisdiction relates to the cause of action itself and, as to divorce, is conferred by statute. While subject matter jurisdiction cannot be waived, Wife's claim that the trial court had no (subject matter) jurisdiction is based on Wife's allegation that Husband did not live in Tennessee. Thus, this jurisdictional claim rests upon a question of fact. The trial court found Wife had admitted that Tennessee had jurisdiction. The record shows that not only did Wife admit to Husband's allegations regarding jurisdiction, she also specifically admitted in her pleadings that Husband had lived in Tennessee for more than six months. There is no contrary evidence in the record before us and, thus, no basis for this court to set aside the trial court's judgment on the basis of lack of jurisdiction.

Additionally, the court in *Cothron* quoted with approval the following statements from Corpus Juris Secundum:

> The rule is well established that during the course of litigation a party is not permitted to assume or occupy inconsistent and contradictory positions, and while this rule is frequently referred to as "judicial estoppel," it more properly is a rule which estops a party to play fast-and-loose with the courts.

*Cothron*, 446 S.W.2d at 535-36 (quoting 31 C.J.S. *Estoppel* § 117). The *Cothron* court also quoted a case from California, which stated the rule thusly:

> The principle . . . is one of estoppel in the interest of a sound administration of the laws whereby the regularity or even validity of an act procured by one himself cannot be raised - not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant.

*Id.* at 536 (quoting *Harlan v. Harlan*, 161 P.2d 490 (Cal. App. 1945)). Herein, Wife sued for a divorce in the trial court whose jurisdiction she now questions. That trial court granted a divorce, although the divorce was technically awarded to Husband, who actually showed up for the trial. We think Wife is estopped from asserting a lack of jurisdiction in this court, under the circumstances of this case, as well as asserting other positions directly contrary to those she took before the trial court.

In addition to her claims that the trial court acted without jurisdiction, Wife also asserts that some of the statistical information in Husband's complaint is incorrect and, where that information was relied upon by the trial court, the judgment is also incorrect. However, in her filings, Wife specifically admitted to the factual allegations that she now claims were incorrect. The record before us does not contain any evidence to dispute those allegations, and we must presume that the trial court's judgment was based on sufficient evidence on these and other factual issues.

Finally, Wife argues that it was improper for the trial court to proceed to try the case in her absence. The trial court's order makes clear that the trial date was set in advance with knowledge of Wife's counsel. The record makes clear that Husband's attorney made required pretrial filings and served those filings on Wife's counsel of record. In these circumstances, and without any apparent request by Wife for a continuance of the trial, the trial court acted within its discretion in proceeding with the trial on the date scheduled.

Further, although Wife filed a Notice of Appeal within thirty days of entry of the final judgment, she did not ask the trial court to alter or set aside that judgment. Thus, the trial court was not given any opportunity to correct any alleged error in conducting the trial in Wife's absence. As a general rule, in such circumstances, a litigant will not be allowed to raise questions on appeal that have not been presented first to the trial court. *In re Billing and Collection Tariffs of South Central Bell*, 779 S.W.2d 375, 380 (Tenn. Ct. App. 1989). Additionally, due to the failure to seek redress in the trial court, the record before us contains no evidence or information regarding Wife's failure to appear or suggesting a basis for vacating the judgment.

We affirm the judgment of the trial court. Costs of this appeal are taxed to the appellant, Cathy Ann Bell.

_____
PATRICIA J. COTTRELL, J.