H. L. MILLER

*v.*

STATE OF TENNESSEE.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

WALKER CASEY, Nashville, for plaintiff in error.

WILLIAM D. GRUGETT, Assistant Attorney General, for the State.

Mr. Justice Tomlinson delivered the opinion of the Court.

Miller's appeal in error is from a conviction of violating Section 64-1140, T.C.A., providing that:

"Any contractor * * * with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor performed on, or materials furnished by his order for, this specific improvement, while any amount for which he may be or become liable for such labor or materials remains unpaid, shall be guilty of a felony and punished accordingly."

Use of the funds contrary to the provisions of this code section is prima facie evidence of an intent to defraud. Section 64-1142, T.C.A.

There are nine assignments of error, but the determinative question is whether a retention of a portion of the contract price by an independent contractor for his own labor personally performed in making the improvements contracted for is a misapplication to that extent, within the meaning of this statute, of the money paid him by the owner of the realty when there remains unpaid amounts due for materials purchased by this contractor and used in the improvements on this realty, the contractor being obligated to furnish the materials so used.

The facts which created the question stated are that Miller for an agreed consideration of $3,773 contracted with R. L. Riddle to furnish the labor and material and erect on Riddle's real estate certain specified parts of a residence. After Riddle had paid him the $3,773 he, Riddle, was presented with unpaid bills of more than $1,000 for material furnished to plaintiff-in-error, Miller, upon Miller's order, and which went into this improvement.

Miller then furnished Riddle an itemized statement of how he had spent the $3,773 thus paid him by Riddle in full of his obligation under the contract. This statement revealed that all of this $3,773, with the exception of $458.34, was expended by Miller, the independent contractor, for materials and labor which he was obligated to furnish. This $458.34 was retained by Miller as payments to himself from time to time for labor by him personally performed while working along with other

laborers employed by him in the performance of this contract. Such retention was without the knowledge of Riddle. If the retention of this $458.34 by Miller in payment for his personal services was a misapplication of such proceeds, within the meaning of section 64-1140, T.C.A., then this conviction must stand.

At the time plaintiff-in-error retained such proceeds as compensation for his own labor on this job, there were, or would be, amounts of money for which he was or would become liable for materials he was to furnish in performance of this contract. Therefore, unless payment to himself for the labor which he personally performed on this job is labor for which he was authorized to apply money paid him under the contract, within the meaning of this statute, it would follow that he violated it.

Quite applicable to the answer to this question, and sound on principle,—it seems to this Court,—is the holding in the Maine case of *Rodgers v. Dexter & P. R. Co.*, 85 Me. 372, 27 A. 257, 21 L.R.A. 528. The holding there was this:

"The farmer toiling on his own farm, the blacksmith working in his own shop, the tailor making clothes for his own customers, is not called a laborer. One who performs physical labor, however severe, in his own service or business, is not a laborer, in the common business sense. A contractor, who takes the chance of profit or loss, is not a laborer in that sense.

"The plaintiff in this case performed his labor in his own business. He was responsible only for the performance of his contract.

"The means for such performance were of his own choice. He need not personally have performed physical labor at all. He could have employed all, as well as a part, of the necessary labor. What physical labor he did perform was not for wages, but to reduce the expenses, and increase the hoped-for profits, of his contract. He clearly was not a laborer, within the common and statute meaning of the term. Authorities are not wanting to sustain this interpretation of the statute. The word 'laborer' in similar statutes has received a similar interpretation in other jurisdictions." (Citing authorities.)

The Court concludes that Miller was not entitled to appropriate this $458.34 to his own use on the theory that he was entitled to it as a laborer under the contract in question. So, he was not entitled to it at all so long as there remained outstanding any amount for which he was or might become liable for materials which he had or should purchase for use in the improvement which he was obligated to make. It results that the appropriation by him of this $458.34 to his own use, under the circumstances stated, was a violation of Section 64-1140, T.C.A.

There is an assignment of error to the effect that the Court "erred in failing to allow defendant's attorney to show on cross-examination the agreement between the parties since the original contract was silent on this point". The agreement between the parties as to this $3,773 consideration was in writing. The Trial Court, therefore, held that testimony to show that the contract was something different from that reflected by the written agreement was incompetent.

■ In this connection, it is conceded in defendant's brief that "the whole question in this case is whether or not it was lawful for the defendant Miller to draw any wages while he was working on the job and building the house". Defendant's contention is that the prosecutor agreed that he was "to draw grocery money" each week. On cross-examination when the prosecutor's attention was called to the money deducted by Miller for labor on the house the prosecutor's reply was that he didn't have any understanding with Miller about that. The next question was "how did you expect to pay Mr. Miller * * *". The Court sustained the State's objection there interposed on the ground that the "contract speaks for itself". Just what the prosecutor would have replied had he been allowed to answer the question other than that which he had already stated does not appear in the record. Assuming that the Court erred in sustaining the objection, the case could not be reversed in the absence of a showing in the record as to what the answer would have been, or a showing that the Court refused to permit the defendant to get the answer in the record in the absence of the jury. There is no such showing. *Stacker v. Louisville & N. R. Co.,* 106 Tenn. 450, 451-452, 61 S.W. 766; *Nelson v. State,* 200 Tenn. 462, 469, 292 S. W.2d 727. Citation to a number of other decisions to the same effect will be found in Michie's Digest, Volume 1, Appeal and Error, page 672, Section 318.

Affirmed.