OPPLIN ALLEN, Appellant, v. TRAVIS LEWIS,
Appellee.—469 S.W. 2d 489

Western Section. March 15, 1971.

Certiorari Denied by Supreme Court July 19, 1971.

Tom Bell, Dyersburg, for appellant.

Elam, Glasgow & Tanner, Union City, for appellee.

NEARN, J. This is an automobile collision case. The parties will be referred to in this Opinion as they appeared in the trial Court; that is, plaintiff and defendant or by their respective names. The collision occurred in Dyer County near the crest of the hill on a narrow rural road. The jury found for the defendant, Travis Lewis. The plaintiff, Opplin Allen, has appealed.

Before considering the Assignments of Error, we must first consider the Motion for Diminution of the Record filed by counsel for the plaintiff. Attached to the said Motion are three photographs. The Motion averred that the said photographs were sought to be introduced as evidence during the course of the trial by plaintiff's counsel when counsel was testifying in the capacity of a witness. Upon defendant's objection, the photographs were excluded. The Motion further averred that the trial Judge refused to identify and authenticate the said photographs as part of the evidence in the cause when they

were presented to him along with the narrative Bill of Exceptions. Counsel for appellant moves that the photographs be made part of the record and cites Gibson's Suits in Chancery, Fifth Edition, Section 1397, note 16, as authority for the procedure. The cited portion of Gibson's provides as follows:

"The party may obtain a certified copy of the missing portion of the record, suggest diminution of the record, and move that it be made a part of the record, in which event it will be unnecessary for writ of certiorari to issue."

This cited procedure is a proper one, but the question now presented is whether or not these photographs are a "missing portion of the record" or, in fact, ever were part of the record. The narrative Bill of Exceptions which accompanies this appeal reveals that a total of seven photographs were sought to be introduced by the witness, Tom Bell. Four photographs were admitted by the Court and were shown to the jury. Three were excluded by the Court. The narrative Bill does not reveal that after the Court's ruling sustaining defendant's objection and excluding the three photographs that these photographs were then tendered to the Court as an offer of proof for identification purposes in order to preserve them for the record on appeal. We have examined the photographs attached to the Motion for Diminution of the Record and we are unable to find any notation by the Court or anyone else regarding their admission or exclusion, or any notation whatsoever. The narrative Bill is also silent as to any offer of proof concerning what the witness would have testified concerning the three photographs sought to be introduced.

It is incumbent upon the complaining party to preserve in the Bill of Exceptions any excluded evidence. Hood v. Grooms, 4 Tenn.App. 511. Attached to the Motion for Diminution of the Record is the statement of the Circuit Court Clerk that the three photographs which accompanied the Motion were filed in the office of the Clerk on the 17th day of March, 1970. The record reflects that judgment was entered in this matter on February 13, 1970 and Motion for a New Trial was filed on March 10, 1970. Therefore, these photographs were filed with the Clerk over a month after trial, seven days after Motion for a New Trial was filed, and had not been identified by the trial Judge. The trial Judge was not obligated to make a part of the Bill of Exceptions that which had not been identified and had been rejected during trial. The Motion for Diminution of the Record, to which the photographs are attached, is neither a part of the Bill of Exceptions nor the technical record from below. Since the record does not reflect that the subject photographs were ever made part either of the technical record or the Bill of Exceptions, we cannot grant the motion. We are powerless to make part of the record on appeal that which never was part of the record below. History of a Lawsuit, Carruthers, Eighth Edition, Section 337, page 388; Miller v. State, 206 Tenn. 103, 332 S.W.2d 179.

The plaintiff's Assignments of Error are as follows:

1. The Court erred in disallowing the three pictures of the road where the collision occurred.

2. The Court erred and disallowed the program offered in his attorney's argument before the jury.

3. The verdict is contrary to the weight of the proof and the plaintiff was entitled to a new trial.

4. The Court erred in overruling the motion for a new trial and refusing a new trial in the case.

5. The Court erred in granting judgment against the plaintiff for the costs and sustaining the verdict of the jury.

The first Assignment of Error must be respectfully overruled. We cannot consider that which was excluded by the trial Court and not properly made part of the Bill of Exceptions. Nance v. Chesney, 101 Tenn. 466, 47 S.W. 690; Cothron v. Scott, (1969) 60 Tenn.App. 298, 446 S.W.2d 533. Appellate Courts will not reverse a judgment on the exclusion of evidence, unless the evidence is set out in the Bill of Exceptions. Union Traction Co. v. Todd, 16 Tenn.App. 200, 64 S.W.2d 26.

The narrative Bill of Exceptions does not contain any of the arguments of counsel to the jury. The Motion for a New Trial filed in the cause states that the trial Judge would not permit counsel for plaintiff to show in his argument to the jury a diagram of the road. The diagram is attached to the Motion for a New Trial. The record does not reflect that the diagram was ever introduced during the course of the trial as an exhibit to the testimony of any witness. We must conclude that it was prepared by counsel for use in his argument and that it had never been identified or introduced by any witness for any purpose. Documents never introduced during trial cannot be used by an attorney in his argument to the jury. The second Assignment of Error is respectfully overruled.

The third Assignment of Error is not available to plaintiff in this Court. It is not the function of this Court in matters of this nature to weigh evidence, but to as-

certain if there is any evidence to sustain the verdict. Stacks v. Veteran's Cab Co., 51 Tenn.App. 272, 366 S.W.2d 539; Clark v. Engelberg, 58 Tenn.App., 721, 436 S.W.2d 465. Since the assignment is not to the effect that there is no evidence to support the verdict, a review of the proof in this Opinion is unnecessary and it will be sufficient to say that, although the nature of the assignment does not require it, we have reviewed the proof and there is evidence to sustain the verdict. The third Assignment of Error is respectfully overruled.

Since the first three Assignments of Error have been overruled, and they were the basis for the Motion for a New Trial, it must follow that the fourth Assignment of Error is also overruled.

It must also follow that, if there was no error in overruling the Motion for a New Trial, there was no error in entering judgment against the plaintiff. Therefore, the fifth Assignment of Error is respectfully overruled.

All Assignments of Error having been overruled, let the judgment of the lower Court be affirmed with all costs taxed against Opplin Allen and sureties on his bond.

Carney, P.J., and Matherne, J., concur.