IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 12, 2004

## ALLEN W. HUGHES v. TENNESSEE BOARD OF PAROLES

**Appeal from the Chancery Court for Davidson County**
**No. 02-2476-I      Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2003-00266-COA-R3-CV - Filed January 30, 2004**

---

The appellant filed a petition for common law writ of certiorari seeking judicial review of a decision of the Board of Paroles to deny him parole. The trial court dismissed the petition as untimely filed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Allen W. Hughes, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark A. Hudson, Senior Counsel, for the appellee, Tennessee Board of Paroles.

### OPINION

The appellant, Mr. Hughes, sought judicial review of a decision of the Tennessee Board of Paroles denying him parole. He filed a petition for common law writ of certiorari, and that petition was ultimately dismissed because it was not timely filed.

Actions of the Board of Paroles are reviewable by common law writ of certiorari. *Hickman v. Tennessee Board of Paroles*, 78 S.W.3d 285, 289 n. 4 (Tenn. Ct. App. 2001); *Thandiwe v. Traughber*, 909 S.W.2d 802, 803 (Tenn. Ct. App. 1994). Both common law and statutory writ actions are governed by the procedures set out in Tenn. Code Ann. §§ 27-9-101 et seq. *Fallin v. Knox County Bd. of Comm'rs*, 656 S.W.2d 338, 341 (Tenn. 1983); *Fairhaven Corp. v. Tennessee Health Facilities Comm.*, 566 S.W.2d 885, 886 (Tenn. Ct. App. 1976). Tenn. Code Ann. § 27-9-102 provides that a party aggrieved by an order or judgment of a board or commission may have the order or judgment reviewed by the courts by filing a petition for writ of certiorari in the Chancery Court "within sixty (60) days from the entry of the order or judgment."

The sixty (60) day time limitation for filing a petition for writ of certiorari is mandatory and jurisdictional. *Thandiwe*, 909 S.W.2d at 804. In *Thandiwe*, this court stated:

> A petition for certiorari must be filed within sixty (60) days from and after the entry of the order or judgment of the Board decision complained of, in order to seek review. Tenn. Code Ann. § 27-9-102.
>
> * * *
>
> The failure to file within the statutory time limits results in the Board's decision becoming final, and once the decision has become final, the Chancery Court is deprived of jurisdiction. *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984); *Fairhaven Corp.*, 566 S.W.2d at 887.
>
> The time requirement for filing a petition of certiorari is analogous to the requirements of the Tennessee Rule of Appellate Procedure 4. Our courts have held, relying in part on *United States v. Robinson*, 361 U.S. 220, 80 S. Ct. 282, 4 L. Ed.2d 259 (1960), that the rule is mandatory and jurisdictional. *See, e.g., State v. Williams*, 603 S.W.2d 157, 158 (Tenn. Crim. App. 1980); *John Barb, Inc. v. Underwriters at Lloyds of London*, 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983). . . .

*Id.* at 804-05. *See also Johnson v. Metropolitan Gov't. for Nashville and Davidson County*, 54 S.W.3d 772, 774-75 (Tenn. Ct. App. 2001) (holding that once the time for filing a petition for the writ had expired, the administrative decision was no longer reviewable, and the expiration of the time limit deprived the court of subject matter jurisdiction).

In *Hickman v. Tenn. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2002), this court held that failure to file within the sixty-day limit caused the party filing the petition to forfeit his or her right to judicial review and required the court to decline to exercise its jurisdiction, rather than depriving the court of subject matter jurisdiction. Regardless of which ground is jurisprudentially correct, the effect is the same: the petition is time-barred and must be dismissed.

Mr. Hughes does not argue that a late-filed petition must not be dismissed. Instead, he argues that his petition was timely filed because he filed it within sixty days of the date he was notified of the board's decision. The dispute centers on what event triggers the running of the sixty days. The statute itself states that the petition must be filed within sixty days "from the entry of the order or judgment."

The record before us reflects that the Board's decision to deny Mr. Hughes parole was entered June 13, 2002. Mr. Hughes alleges he was notified of that decision on June 17, 2002. He attached to his petition a document entitled Notice of Board Action that reflects the entry date of

June 13. If the date the order was entered triggered the running of the sixty days, the last day for filing the petition was August 12, 2002. Mr. Hughes signed his petition August 15, 2002.[1]

Mr. Hughes relies upon *Jennings v. Traughber*, No. 01A01-9509-CH-00390, 1996 WL 93763, AT * 2 (Tenn. Ct. App. March 6, 1996) (no Tenn. R. App. P. 11 application filed), which includes language stating that because the petitioner filed within sixty days of being notified that his appeal to the Board had been denied, the petition was timely. The court in *Jennings* made no mention of the date of entry of the order. The issue in *Jennings* was whether the petitioner's administrative appeal extended the time for filing the petition. Consequently, we cannot interpret *Jennings* as holding that the date of notice of a board's action should be used as the critical date for calculating the sixty days rather than the date of entry of the order.

We are compelled by the language of the statute to hold that the sixty day limit in Tenn. Code Ann. § 27-9-102 begins to run on the date the order is entered. The "time for filing a common law writ of certiorari is measured from the date of the entry of the order for which judicial review is sought." *Brannon v. County of Shelby*, 900 S.W.2d 30, 33-34 (Tenn. Ct. App. 1994). This is not a situation where the Board failed to timely notify the petitioner of its action or the date of that action. Mr. Hughes makes no argument that he was prevented from filing his petition due to Board action or inaction.

We affirm the trial court's dismissal of the petition for common law writ of certiorari as time barred. Costs of this appeal are taxed to the appellant, Allen W. Hughes.

_____
PATRICIA J. COTTRELL, JUDGE

---

[1]Mr. Hughes asserts he delivered his petition to the prison mail no later than August 16. The Board does not dispute that allegation, merely taking the position that the petition could not have been delivered before it was signed. Tenn. R. Civ. P. 5.06 provides:

> If papers required or permitted to be filed pursuant to the Rules of Civil Procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. This provision shall also apply to service of paper by such litigants pursuant to the rules of civil procedure. "Correctional facility" shall include a prison, jail, county workhouse or similar institution in which the pro se litigant is incarcerated. Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.