IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## ROBERT L. LAMAR v. DONNA BLACKBURN ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 04-258-IV      Richard Dinkins, Chancellor**

---

**No. M2004-00969-COA-R3-CV - Filed January 12, 2006**

---

This appeal involves a prisoner seeking to be released on parole. After the Tennessee Board of Probation and Parole declined to release him on parole, the prisoner filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County seeking judicial review of the Board's decision. The trial court dismissed the petition because it was not timely filed, and the prisoner has appealed. We agree with the trial court's conclusion that the petition was not timely filed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Robert L. Lamar, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Brenner, Assistant Attorney General, for the appellees, Donna Blackburn, Charles Traughber, and Colis Newble, Jr.

## MEMORANDUM OPINION[1]

Robert Lamar is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee. On June 6, 2002, the Tennessee Board of Probation and Parole denied his request for custodial parole. On January 27, 2004, Mr. Lamar filed a petition for a common-law writ of certiorari in the Chancery Court for Davidson County taking issue with the Board's decision. The Board moved to dismiss the petition on the ground that it was not filed within sixty days of its

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

decision as required by Tenn. Code Ann. § 27-9-102 (2000). The trial court entered an order granting the motion and dismissing the petition on March 12, 2004. Mr. Lamar appealed.

The sixty-day time limit in Tenn. Code Ann. § 27-9-102 is mandatory and jurisdictional. *Hickman v. Tenn. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001). Mr. Lamar's petition was filed more than a year after the Board's decision; therefore, the trial court properly dismissed his petition because it was time-barred. We tax the costs of this appeal to Robert L. Lamar. We also find that Mr. Lamar's petition for a writ of common-law certiorari and subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

 

_____
WILLIAM C. KOCH, JR., P.J., M.S.