IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2005

## LLOYD McPHERSON v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Appeal from the Chancery Court for Hickman County**
**No. 03-292C    Russ Heldman, Judge**

---

**No. M2004-01307-COA-R3-CV - Filed January 12, 2006**

---

This appeal involves a prisoner seeking custodial parole. After the Tennessee Board of Probation and Parole denied his request, the prisoner filed a petition for a common-law writ of certiorari in the Chancery Court for Hickman County seeking judicial review of the Board's decision. The trial court dismissed the petition because it was not timely filed, and the prisoner has appealed. We agree with the trial court's conclusion that the petition was not timely filed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Lloyd McPherson, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Brenner, Assistant Attorney General, for the appellee, Tennessee Board of Probation and Parole.

**MEMORANDUM OPINION**[1]

Lloyd McPherson is incarcerated at the Turney Center Industrial Prison in Only, Tennessee where he is serving a life sentence after being convicted in 1974 as a habitual criminal and also receiving a ninety-nine-year sentence for first degree murder in 1975 and a one-year sentence for escape in 1981. On June 10, 2003, the Tennessee Board of Probation and Parole declined to grant him custodial parole to begin serving his 1981 sentence. Thereafter, on November 6, 2003, Mr. Lloyd filed a petition for a common-law writ of certiorari in the Chancery Court for Hickman County

---

[1]Tenn. Ct. App. R. 10 provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

seeking judicial review of the Board's decision. The Board filed a motion for summary judgment on the ground that Mr. McPherson's petition was not filed within the sixty-day time limit required by Tenn. Code Ann. § 27-9-102 (2000). The trial court granted the motion and dismissed the petition. Mr. McPherson has appealed.

Mr. McPherson's custodial parole hearing was conducted on June 10, 2003. The Board declined to parole him on June 16, 2003 because of the seriousness of his offenses. Mr. McPherson decided to pursue an internal administrative appeal but failed to file the appeal until five days after the deadline for filing administrative appeals. Accordingly, the appeal did not toll the running of Tenn. Code Ann. § 27-9-102's sixty-day period for seeking judicial review. *Turner v. Tenn. Bd. of Paroles*, 993 S.W.2d 78, 80 (Tenn. Ct. App. 1999).

The sixty-day time limit in Tenn. Code Ann. § 27-9-102 is mandatory and jurisdictional. *Hickman v. Tenn. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001). Mr. McPherson's petition was filed well after the Board's decision; therefore, the trial court properly dismissed his petition because it was time-barred. We tax the costs of this appeal to Lloyd McPherson. We also find that Mr. McPherson's petition for a writ of common-law certiorari and subsequent appeal are frivolous in accordance with Tenn. Code Ann. §§ 41-21-807(c), -816(a)(1) (2003).

 

_____
WILLIAM C. KOCH, JR., P.J., M.S.