IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2019

## REGINALD D. HUGHES v. TENNESSEE BOARD OF PROBATION AND PAROLE ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 18-1056-III     Ellen H. Lyle, Chancellor**

_____

### No. M2019-00487-COA-R3-CV

_____

A state inmate filed a petition for a common law writ of certiorari seeking judicial review of the prison disciplinary board's decision to deny parole. The board filed a motion to dismiss for lack of subject matter jurisdiction. The trial court granted the board's motion to dismiss because the petition was not filed within the sixty-day period prescribed by Tenn. Code Ann. § 27-9-102 (2017). We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Reginald D. Hughes, Henning, Tennessee, appellant, pro se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, Tennessee Board of Probation and Parole.

### OPINION

### I.

In 1987, Reginald Hughes was convicted of two counts of second-degree murder. He received a thirty-year sentence on each count, to be served consecutively, for a total effective sentence of sixty years. Mr. Hughes is currently serving his sentence in the West Tennessee State Penitentiary in Henning, Tennessee.

In 2011, Mr. Hughes became eligible for parole. On August 18, 2011, the

Tennessee Board of Probation and Parole (the Board) denied Mr. Hughes parole. Mr. Hughes filed an administrative appeal. On December 7, 2011, the Board denied Mr. Hughes's appeal.

On January 25, 2012, Mr. Hughes submitted his first petition for a common law writ of certiorari seeking review of the Board's denial of parole.[1] The trial court dismissed the petition because Mr. Hughes had unpaid court costs from two prior lawsuits. *See* Tenn. Code Ann. § 41-21-812(a). The Court of Appeals affirmed. The Supreme Court granted Mr. Hughes's application for permission to appeal in order to consider whether Tenn. Code Ann. § 41-21-812(a) was unconstitutional as applied in that case. Ultimately, the Court determined that the statute was constitutional as applied and therefore affirmed the dismissal of the petition. ***Hughes v. Tenn. Bd. of Prob. and Parole***, 514 S.W.3d 707, 724 (Tenn. 2017).

On May 30, 2017, Mr. Hughes attempted to file a second petition for a common law writ of certiorari seeking review of the same August 18, 2011 parole hearing. However, the court clerk did not accept the petition for filing because Mr. Hughes still had unpaid court costs. Mr. Hughes eventually paid those outstanding court costs on August 31, 2018.

On September 23, 2018, Mr. Hughes submitted a third petition for a common law writ of certiorari seeking review of "the procedure(s) and decision(s) of [the Board] related to [the] August 18, 2011 parole hearing."[2] In his petition, Mr. Hughes argued: (1) that the Board "improperly stacked" Mr. Hughes's two thirty-year sentences for purposes of parole consideration; (2) that the Board "unconstitutionally denied [Mr. Hughes] his 'day in court' for reconsideration [of] custodial parole"; and (3) that Mr. Hughes's release eligibility date "was fraudulent[ly] kept hidden[.]"

The Board filed a motion to dismiss for lack of subject matter jurisdiction, arguing: (1) that the petition was untimely filed and (2) that "the petition for writ of certiorari is not the proper vehicle" to challenge an inmate's sentence calculation. Mr. Hughes filed a "response" to the Board's motion to dismiss. He argued, among other things, that the sixty-day statute of limitations "re-start[ed]" when prior court costs were "paid in full." Mr. Hughes also attached an "affidavit of due diligence" and

---

[1] The petition was stamped "filed" on January 31, 2012. *But see* Tenn. R. Civ. P. 5.06 (providing that papers "prepared by or on behalf of a pro se litigant incarcerated in a correctional facility" are deemed filed when "delivered to the appropriate individual at the correctional facility within the time fixed for filing.").

[2] The petition was stamped "filed" on October 1, 2018. *But see* Tenn. R. Civ. P. 5.06 (providing that papers "prepared by or on behalf of a pro se litigant incarcerated in a correctional facility" are deemed filed when "delivered to the appropriate individual at the correctional facility within the time fixed for filing.").

documentation showing that he completed payment of prior court costs on August 31, 2018. The Board filed a "reply" to Mr. Hughes's "response." The Board argued that the sixty-day statute of limitations is not tolled during the time an inmate takes to pay his outstanding court costs. Moreover, according to the Board, Mr. Hughes's petition would still be untimely filed even if the statute-of-limitations period had been tolled.

On February 15, 2019, the trial court entered an order granting the Board's motion to dismiss. Relying on this Court's decision in ***Meeks v. Tenn. Bd. of Prob. and Parole.***, No. M2007-00584-COA-R3-CV, 2008 WL 802458 (Tenn. Ct. App., filed Mar. 24, 2008)*, perm. app. denied* (Tenn. Oct. 27, 2008), the trial court ruled, in relevant part:

> [T]he 60 days begins to run on the date the inmate receives the Board's final parole decision, and there is no tolling of the 60 days for outstanding court costs to be paid and the petition resubmitted. . . .
>
> Thus, the Petitioner's time to appeal the December 7, 2011 denial of parole was and remains . . . February 5, 2012. Therefore the filing in this case of a petition for writ of certiorari on October 1, 2018 is time-barred by over six years. The consequence is that this case must be dismissed for lack of jurisdiction for failure to file within the required 60 days.

The court ruled that dismissal was *not* appropriate under the second ground asserted by the Board in its motion to dismiss. According to the court, Mr. Hughes's petition was not challenging a sentence calculation; instead, the petition "explicitly states that it challenges the Parole Board's construction and application of the sentence in determining parole eligibility." Accordingly, the court emphasized that "[d]ismissal of this case is based solely upon lack of jurisdiction for failure to file the petition for writ of certiorari within 60 days of the December 7, 2011 final decision of the Board denying parole." Mr. Hughes timely appealed.

## II.

Mr. Hughes raises a host of issues which, in effect, challenge the trial court's dismissal for lack of subject matter jurisdiction due to the untimeliness of his petition for a writ of common law certiorari. To the extent Mr. Hughes attempts to raise other issues, those issues are not properly before us. The Board raises one additional issue: whether dismissal was appropriate on the alternative ground that the court lacked subject matter jurisdiction because Mr. Hughes's petition sought a revision to his sentence calculation.

## III.

The trial court dismissed Mr. Hughes's petition for lack of subject matter jurisdiction. *See* Tenn. R. Civ. P. 12.02(1). "The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Jackson v. Tenn. Dept. of Corr.*, 240 S.W.3d 241, 243 (Tenn. Ct. App. 2006) (quoting *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)). "[A] determination of whether subject matter jurisdiction exists is a question of law"; therefore, "our standard of review is de novo, without a presumption of correctness." *Id.*

## IV.

An inmate who wishes to challenge the Board's denial of parole must file a petition for a writ of common law certiorari "within sixty (60) days from the entry of the order or judgment[.]" Tenn. Code Ann. § 27-9-102. Failure to do so

> causes the party filing the petition to forfeit its right to seek judicial review and requires the courts to decline to exercise their jurisdiction to grant the writ because the petition is time-barred.

*Hickman v. Tenn. Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001) (citations omitted).

In the present case, the Board's final order denying parole was entered on December 7, 2011. Mr. Hughes submitted his first petition for a writ of common law certiorari forty-nine days later on January 25, 2012. This petition was filed within the sixty-day period prescribed by Tenn. Code Ann. § 27-9-102. However, the petition under present consideration was filed more than six and a half years later. The only way this petition could be timely is if the statute of limitations was tolled.

In his petition, Mr. Hughes observes that his first petition for a writ of certiorari was only dismissed because he had unpaid court costs. Without citing any legal authority, Mr. Hughes argues that the sixty-day statute-of-limitations period should have "re-start[ed]" on August 31, 2018, when his outstanding court costs were "paid in full." But that is not how tolling works.

> "[T]olling" refers to suspending or stopping the running of a statute of limitations; it is analogous to a clock stopping, then restarting. Tolling may either temporarily suspend the running of the limitations period or delay the start of the limitations period.

- 4 -

*Meeks v. Tenn. Bd. of Prob. and Parole.*, No. M2007-00584-COA-R3-CV, 2008 WL 802458, at *3 (Tenn. Ct. App., filed Mar. 24, 2008) (quoting 51 Am. Jur. 2d Limitation § 169 (2002)), *perm. app. denied* (Tenn. Oct. 27, 2008). In other words, the statute-of-limitations period cannot "re-start"; it can only be delayed or temporarily stopped.

Here, the statute of limitations "clock" started ticking on December 7, 2011, when the Board denied Mr. Hughes's appeal. If the statute of limitations was not tolled at the filing of the first petition, then the deadline for filing another petition would have been February 6, 2012.[3] Under this calculation, the September 23, 2018 petition was clearly untimely filed.

Assuming, without deciding, that the clock "stopped" on January 25, 2012 (when Mr. Hughes filed his first petition) and "resumed" on August 31, 2018 (when Mr. Hughes paid his outstanding court costs), the petition would still have been untimely. In that scenario, forty-nine days would have elapsed when the clock "stopped." Once Mr. Hughes paid his outstanding court costs, he would have had to file another petition within eleven days, i.e., September 11, 2018. Thus, even under this calculation, the September 23, 2018 petition was untimely filed.

As the Board and the trial court noted, this case is remarkably similar to the situation in *Meeks*. The inmate in that case filed multiple petitions for a writ of certiorari seeking review of the Board's denial of parole. *Meeks*, 2008 WL 802458, at *1. The inmate filed his first petition fifty-eight days after the statute of limitations began to run. *Id.* at *3. That petition was dismissed pursuant to Tenn. Code Ann. § 41-21-812 due to unpaid court costs. *Id.* at *1. The inmate eventually paid the outstanding court costs but, after doing so, waited more than two days to file another petition. *Id.* at *1, *3. We affirmed the trial court's dismissal of the petition because it was untimely filed. We noted that even if the filing of the first petition tolled the statute of limitations until the payment of prior court costs, the second petition would still have been untimely filed. Moreover, we noted that Tenn. Code Ann. § 27-9-102 does not include a tolling provision.

> In fact, such a provision would run counter to the clear wording and purpose of the mandatory and jurisdictional limitations period set forth in [the statute]. It would serve to reward an inmate who is delinquent in paying court costs by allowing him or her to set a personal deadline for filing a petition for writ of certiorari by deciding when to pay outstanding court costs.

---

[3] The trial court calculated the deadline as February 5, 2012. However, that was a Sunday. Pursuant to Tenn. R. Civ. P. 6.01, the deadline would be extended until the next day.

*Id.* at *3.

In conclusion, we agree with the trial court's determination that Mr. Hughes's third petition for a writ of common law certiorari was untimely filed. The court appropriately dismissed the petition for lack of subject matter jurisdiction. We need not decide whether dismissal was also appropriate on other grounds.

## V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Reginald D. Hughes. The case is remanded for enforcement of the trial court's order.

_____
CHARLES D. SUSANO, JR., JUDGE