IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2023

## ANIKA BERRYHILL v. SHELBY COUNTY GOVERNMENT CIVIL SERVICE MERIT BOARD

**Appeal from the Chancery Court for Shelby County**
**No. CH-22-0155     Jim Kyle, Chancellor**

_____

**No. W2022-01814-COA-R3-CV**

_____

A former Shelby County employee alleges that she was wrongfully terminated by the County and that the Shelby County Government Civil Service Merit Board (CSMB) improperly declined to consider her appeal. The CSMB's decision not to consider her appeal was based upon its determination that the former employee was administratively removed from her position, not punitively terminated, and, accordingly, the matter was beyond its authority. The former employee sought judicial review of the CSMB's decision in the Shelby County Chancery Court. The Chancery Court dismissed, concluding that the CSMB did not err on the merits and that the Chancery Court lacked subject matter jurisdiction. The former employee appeals to this court. Based upon a lack of subject matter jurisdiction, we affirm the Chancery Court's dismissal of the former employee's petition for judicial review.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and CARMA DENNIS MCGEE, JJ., joined.

Linda K. Garner, Memphis, Tennessee, for the appellant, Anika K. Berryhill.

Katherine L. Frazier and R. Joseph Leibovich, Memphis, Tennessee, for the appellee, Shelby County Civil Service Merit Board.

**OPINION**

I.

Shelby County[1] hired Appellant Anika Berryhill in December 2002 as a Clerical Specialist in the Support Services department. After being promoted to the role of Administrative Technician in 2004, Ms. Berryhill spent approximately the next twenty years working for Shelby County. This appeal concerns the end of her employment with the County.

Nycole Alston, Shelby County's Administrator of Support Services, sent Ms. Berryhill a document on November 10, 2021, entitled "Notice of Proposed Major Discipline." This document is not in the technical record, but both parties agree that the letter notified Ms. Berryhill that Shelby County scheduled a *Loudermill* hearing[2] for "Tuesday, November 17, 2021," and invited her to attend the hearing.[3] According to Ms. Berryhill, Ms. Alston specifically told her to "report back for hearing" on this date, leading her to conclude that she should stay home from work in the interim. Therefore, Ms. Berryhill did not go to work between November 10 and November 17; she instead prepared for her *Loudermill* hearing.

No hearing occurred, however, on November 17, 2021. When Ms. Berryhill arrived at the hearing location early that morning, Ms. Alston tendered her another letter titled "Notice of Job Abandonment and Removal from Payroll." According to this letter, Shelby County noticed that Ms. Berryhill did not "report[] for work for the last three consecutive work days: November 12th, 15th, and 16th."[4] These three consecutive days of absence, the county explained, automatically trigger "Shelby County Personnel Policy 323." Under this policy, Ms. Berryhill's absence qualified as a "voluntary abandonment" of her job, making the disciplinary hearing unnecessary.

Ms. Berryhill appealed this decision to the Shelby County Civil Service Merit Board (CSMB) on November 19, 2021. On December 2, 2021, Shelby County's Director of Human Resources apprised Ms. Berryhill that the CSMB had declined to consider her

---

[1] The Defendant asserts that "Shelby County" is the correct party to this action instead of the Civil Service Merit Board. We will refer to the Appellee as "Shelby County" for convenience but also specify which actions were taken by individuals acting on behalf of the Civil Service Merit Board.

[2] A *Loudermill* hearing refers to the United States Supreme Court's holding in *Cleveland Board of Education v. Loudermill* that the Due Process Clause "requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his [or her] employment." 470 U.S. 532, 542 (1985) (internal quotation marks omitted).

[3] November 17, 2021, was actually a Wednesday. Ms. Berryhill alerted Ms. Alston to this error via a November 15, 2021 email. Ms. Alston responded, thanking Ms. Berryhill for noticing the error and confirming that the hearing would "take place on Wednesday, November 17th."

[4] November 11, 2021, was a federal holiday, Veteran's Day, and November 13-14 were a Saturday and Sunday, respectively.

appeal. Ms. Berryhill received the following written denial:

Dear Ms. Berryhill:

On November 19, 2021, the Civil Service Merit Board ("CSMB") received your request for appeal to the board. After reviewing the request, the Secretary for the CSMB determined your employment separation does not meet the standards for review by the CSMB. You were administratively separated for failing to report to work for three consecutive days. Therefore, your request for appeal is denied. The CSMB is not authorized to review management's non-disciplinary decisions/procedures.

Ms. Berryhill filed a petition for judicial review in the Chancery Court of Shelby County on February 2, 2022. Her petition expressly states that her "appeal . . . is filed within sixty (60) days of the denial of review by the CSMB," as required by Tennessee Code Annotated section 27-9-101, which she cited in seeking judicial review. Ms. Berryhill pled that "[t]he letter of December 2, 2021, denying Petitioner the right to appeal is a final order or judgment of the CSMB pursuant to T.C.A. § 27-9-101." She disagreed with Shelby County's characterization of her allegedly wrongful termination as an administrative action rather than disciplinary punishment. She raised due process objections to her termination in connection with such classification, especially in connection with what she asserted had been a misleading statement from Ms. Alston.

Shelby County filed a motion to dismiss. Concerning the merits, the County argued that CSMB properly determined that it did not have authority to review a non-disciplinary decision. Additionally, and alternatively, Shelby County also argued that the Chancery Court lacked jurisdiction because Ms. Berryhill filed her petition a day after the sixty-day petitioning deadline set by Tennessee Code Annotated section 27-9-102.

Ms. Berryhill presented multiple counterarguments in response to Shelby County's merits arguments. For example, Ms. Berryhill argued that "[s]imply labeling a termination as administrative does not terminate the duty of the CSMB, nor does that label erode the due process to which Petitioner was entitled, including notification via order or judgment of its decision and notification of her appeal rights." Ms. Berryhill's response, however, while once again acknowledging that the sixty-day deadline applies to her petition, failed to develop and support an argument in opposition to Shelby County's contention that her filing was untimely. This argument from the County was left, essentially, unaddressed.

The Chancery Court granted Shelby County's motion to dismiss. The court agreed with the County's position on the merits regarding administrative as opposed disciplinary actions and also on the County's subject matter jurisdiction untimeliness argument. The Chancery Court concluded that it "d[id] not have jurisdiction over Petitioner's appeal filed

on February 2, 2022."[5]

Ms. Berryhill filed a timely notice of appeal in this court, listing the following two issues for review:

1. Whether the Civil Service Merit Board (CSMB) acted arbitrarily and capriciously in denying Appellant a factual hearing to determine whether her termination for failing to call her employer for three (3) consecutive days was an administrative separation or discipline, where the record shows communication between Plaintiff/Appellant and her employer within those three days about the employer's incorrect dates concerning an upcoming *Loudermill* hearing on an unrelated charge?

2. Whether the December 2, 2021, letter from the Director of Human Resources to the Appellant denying the appeal of her termination to the Civil Service Merit Board comported with due process requiring notice of the right to appeal an adverse decision concerning the Appellant's property rights?

In response, Shelby County argues in support of the CSMB and Chancery Court's conclusion that review of this matter is not within the scope of the CSMB's authority. Shelby County also notes that the Chancery Court dismissed Ms. Berryhill's petition based on a lack of subject matter jurisdiction as a result of her petition being untimely filed. The County contends that dismissal on this basis was required and notes that this matter remains largely unaddressed by Ms. Berryhill on appeal before this court. Ms. Berryhill did not file a reply brief.

II.

The trial court based its dismissal in Ms. Berryhill's case, in part, on its conclusion that it lacked subject matter jurisdiction. Subject matter jurisdiction is a term used to describe "a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). Because the determination "of whether subject matter jurisdiction exists is a question of law, our standard of review

---

[5] Lacking a transcript of the hearing, Ms. Berryhill submitted a statement of evidence in place of a transcript. *See* Tenn. R. App. P. 24. In this statement, Ms. Berryhill contended that the Chancery Court "ruled on only one issue. The only issue addressed . . . was the Appellant's failure to call her employer for three days." She stated that the statute of limitations defense only appeared in Shelby County's proposed order, which the trial court ultimately accepted. Shelby County objected to Ms. Berryhill's statement. *See* Tenn. R. App. P. 24(c). Arguing that Ms. Berryhill's statement was inaccurate, Shelby County emphasized that its motion to dismiss included both the merits-based argument and the jurisdictional time-based argument. The trial court accepted Shelby County's statement of the evidence instead of Ms. Berryhill's version.

is de novo, without a presumption of correctness." *Id.* (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

III.

The Tennessee General Assembly has conferred upon the courts judicial review authority over the final decisions of governmental boards and commissions. Tenn. Code Ann. § 27-9-101 ("Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order or judgment reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter."). In doing so, the General Assembly has directed parties seeking review that

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102.

Past decisions of this court have stressed the importance of this sixty-day filing deadline. *See, e.g., Metz v. Metropolitan Government of Nashville and Davidson County*, 547 S.W.3d 221, 225 (Tenn. Ct. App. 2017); *Hickman v. Tennessee Bd. of Paroles*, 78 S.W.3d 285, 289 (Tenn. Ct. App. 2001) (collecting cases). The deadline is jurisdictional. *Hickman*, 78 S.W.3d at 289 ("Accordingly, like a notice of appeal, failure to file a petition for common-law writ of certiorari within the time required by Tenn. Code Ann. § 27-9-102 causes the party filing the petition to forfeit its right to seek judicial review and requires the courts to decline to exercise their jurisdiction to grant the writ because the petition is time-barred."). Failure to timely file the petition for certiorari "is fatal to subject matter jurisdiction." *Save Rural Franklin v. Williamson Cnty. Gov't*, No. M-2014-02568-COA-R3-CV, 2016 WL 4523418, at *4 (Tenn. Ct. App. Aug. 26, 2016) (quoting *Gore v. Tennessee Dep't of Correction*, 132 S.W.3d 369, 374 (Tenn. Ct. App. 2003)). This court lacks discretion to address the merits of a case where there is no jurisdiction as a result of untimely filing of the review petition. *Davis v. Tennessee Dept. of Employment Sec.*, 23 S.W.3d 304, 308 (Tenn. Ct. App. 1999) (describing the filing of a petition "three days late" the "determinative issue" on appeal); *Lowdermilk v. Tennessee Dept. of Safety*, No. M2010-00417-COA-R3-CV, 2010 WL 4547256, at *2 (Tenn. Ct. Ap. Nov. 9, 2010) (noting that a sixty-day jurisdictional time limit violation prevented the court from "review[ing] the merits of the case").

Shelby County argued before the Chancery Court that Ms. Berryhill untimely filed her petition for judicial review on the sixty-first day, not the sixtieth day, [6] after the event that gave rise to her right to file her petition. *See* Tenn. R. Civ. P. 6.01 (explaining that computation periods begin the day after "the date of the act, event or default"). Ms. Berryhill failed to develop or support any argument before the Chancery Court defending the timeliness of her filing. The Chancery Court ultimately dismissed concluding that it lacked subject matter jurisdiction because the petition for judicial review was filed more than sixty days after the final order as to which review was sought.

On appeal before this court, Ms. Berryhill focuses her briefing upon arguing against the CSMB's conclusion that her termination was administrative and not disciplinary in nature. Ms. Berryhill gives scant attention to the Chancery Court's dismissal of her action on the basis of lack of subject matter jurisdiction. Insofar as she touches upon subject matter jurisdiction in briefing, Ms. Berryhill suggests CSMB's letter decision is inadequate under Tennessee Code Annotated section 4-5-314(c). She also asserts in a conclusory manner that inadequacy of notice as to her rights to appeal violates due process and suggests that the CSMB's order is not a true final order that would begin the running of the sixty-day clock for filing a petition for review pursuant to Tennessee Code Annotated section 27-9-102.

In response to Ms. Berryhill's arguments, Shelby County asserts that Tennessee Code Annotated section 4-5-314(c)[7] is inapplicable to Ms. Berryhill's petition. Expounding upon this point, the County notes that Mr. Berryhill filed her petition pursuant

---

[6] Although Shelby County has asserted that the deadline for Ms. Berryhill's appeal petition to the Shelby County Chancery Court was February 1, 2022, it appears that the sixtieth day following the event giving rise to her petition may have actually been January 31, 2022. *See* Tenn. R. Civ. P. 6.01. This distinction does not affect the outcome of this case, as a January 31, 2022 deadline would only mean that Ms. Berryhill's petition was filed two days after the deadline rather than one.

[7] Tennessee Code Annotated section 4-5-314(c), which Ms. Berryhill relied upon in support of her contention that the Chancery Court erred, provides:

A final order, initial order or decision under § 50-7-304 shall include conclusions of law, the policy reasons therefor, and findings of fact for all aspects of the order, including the remedy prescribed and, if applicable, the action taken on a petition for stay of effectiveness. Findings of fact, if set forth in language that is no more than mere repetition or paraphrase of the relevant provision of law, shall be accompanied by a concise and explicit statement of the underlying facts of record to support the findings. The final order, initial order or decision must also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief and the time limits for seeking judicial review of the final order. An initial order or decision shall include a statement of any circumstances under which the initial order or decision may, without further notice, become a final order.

to Tennessee Code Annotated section 27-9-102, and asserts that Tennessee Code Annotated section 4-5-314(c) only applies to actions taken "under § 50-7-304," which is Tennessee's Employment Security Law. *See* Tenn. Code Ann. § 4-5-314(c). In other words, the statutory provision relied upon by Ms. Berryhill relates to an action seeking unemployment benefits, not the type of action Ms. Berryhill is pursuing.

Endeavoring to understand the linkage between the cited statutory provision and the present case, we note that Ms. Berryhill has failed to address in her briefing the relevancy of Tennessee Code Annotated section 4-5-314(c) to the present case. Similarly, she has failed to explain or support her contention that a lack of notice as to appeal rights in the letter violated due process. Her assertion is conclusory in nature.

Turning to her final argument, as noted above, Ms. Berryhill also suggests that the CSMB's December 2, 2021 letter does not rise to the level of an "order or judgment" sufficient to trigger the sixty-day filing rule. The County contends this assertion is inconsistent with Ms. Berryhill's filings before the Chancery Court. In her Petition for Judicial Review of CSMB's decision by the Chancery Court, Ms. Berryhill stated that "[t]he letter of December 2, 2021, denying the Petitioner the right to appeal is a final order or judgment of the CSMB pursuant to T.C.A. § 27-9-101." Shelby County suggests that Ms. Berryhill's pleading estops her from now denying that the December 2, 2021 letter qualifies as an "order or judgment" in the context of section 27-9-102.[8] Ms. Berryhill has not responded to the County's argument nor has she developed or supported her argument that the CSMB's December 2, 2021 letter was insufficient to trigger the start of the sixty-day clock in seeking review.

Ultimately, where "subject matter jurisdiction is challenged, the burden is on the plaintiff to demonstrate that a court has jurisdiction to adjudicate the claim." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). There are multiple hurdles to overcoming this burden that prove insurmountable for Ms. Berryhill. One, despite the County moving for dismissal based upon the untimeliness of the filing of her petition, Ms. Berryhill failed to meaningfully defend against dismissal on that basis and instead is only addressing this matter for the first time on appeal. *See Fowler v. City of Memphis*, 514 S.W.3d 732, 743 (Tenn. Ct. App. 2016) ("Generally, arguments that are raised for the first time on appeal are waived."). Two, to extent that she is addressing the Chancery Court's ruling, Ms. Berryhill's skeletal arguments place this court in the position of developing her argument for her rather than considering an argument that Ms. Berryhill has constructed and supported. *See Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or

---

[8] *Cothron v. Scott*, 446 S.W.2d 533, 535-36 (Tenn. Ct. App. 1969) ("The rule is well established that during the course of litigation a party is not permitted to assume or occupy inconsistent and contradictory positions, and while this rule is frequently referred to as 'judicial estoppel,' it more properly is a rule which estops a party to play fast-and-loose with the courts." (quoting 31 C.J.S. Estoppel § 117)).

construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived."); *see also State v. Bristol*, 654 S.W.3d 917, 924 (Tenn. 2022) (citations omitted) ("'Courts are essentially passive instruments of government.' They do not 'sit as self-directed boards of legal inquiry and research.'").

Three, assuming for purposes of argument that Ms. Berryhill is not judicially estopped from advancing her argument in support of the timeliness of her petition that the December 2, 2021 letter does not qualify as an order or judgment, thereby avoiding that hurdle, her argument ultimately still proves unhelpful for obtaining the relief she seeks. In examining her contention, the idiom of "out of the frying pan and into the fire,"[9] which refers at a minimum to leaping "from one bad predicament to another which is as bad"[10] and often to a circumstance that is "even worse,"[11] fits. If she is correct that the clock did not start running because the CSMB's December 2, 2021 decision did not truly qualify as being adequate to constitute an order or judgment, subject matter jurisdiction is still lacking at an even more foundational level. This is so because Tennessee Code Annotated section 27-9-101 confers jurisdiction to review "any final order or judgment of any board or commission." She invoked the jurisdiction of the Chancery Court based upon the existence of a final order under Tennessee Code Annotated section 27-9-101. If there is no order that qualifies as a final order, then there is no subject matter jurisdiction under Tennessee Code Annotated section 27-9-101.

For the reasons discussed above, we simply cannot conclude that the Chancery Court erred by dismissing on the grounds that it lacked subject matter jurisdiction over Ms. Berryhill's petition.

IV.

In considering the arguments advanced on appeal and for the reasons discussed above, we affirm the judgment of the trial court. The costs of the appeal are taxed to the appellant, Anika Berryhill, for which execution may issue if necessary. The case is

---

[9] The origins of this idiom in the English language can be traced to 1528 and the writings of the legendary Thomas More, but this particular idiomatic image of moving from the frying pan into the fire can be traced even further back to the mid-1350s and Giovanni Boccaccio's *The Decameron*. C. Keith Hansley, *The Origin Of The Phrase*, "*Out Of The Frying Pan, Into The Fire*" (Dec. 9, 2018), available at https://thehistorianshut.com/2018/12/09/the-origin-of-the-phrase-out-of-the-frying-pan-into-the-fire/.

[10] Judy Parkinson, FROM HUE AND CRY TO HUMBLE PIE: CURIOUS, BIZARRE, & INCOMPREHENSIBLE EXPRESSIONS EXPLAINED 81 (2000).

[11] Joseph Melillo & Edward M. Melillo, AMERICAN SLANG: CULTURAL LANGUAGE GUIDE TO LIVING IN THE USA 249 (2005).

remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE