Ambrose W. J. CLAY, Administrator of the Estate of Mary Patterson, Plaintiff-Appellant,

v.

Allen Banks HALL and Julia Hall, Individually and Jointly, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section.

Feb. 1, 1980.

Rehearing Denied Feb. 29, 1980.

Certiorari Denied by Supreme Court April 21, 1980.

Ambrose W. J. Clay, pro se.

Robert L. Taylor, Nashville, for defendants-appellees.

## OPINION

LEWIS, Judge.

This appeal is from the judgment of the Chancellor holding that defendants are entitled to a judgment in the amount of $3,120.90 and that the judgment constitutes a lien against certain real estate. In September, 1968, the defendants conveyed the real estate in question to Mary Patterson for the consideration of $7800, payable at the rate of $76.12 per month for 144 monthly installments. Mrs. Patterson made the monthly payments from October, 1968, until her death in April, 1977. The Chancellor, after an evidentiary hearing, held that "Mary Patterson was the owner of the property in question and upon her death her rights to the property passed to her lawful heirs," that the defendants were entitled to a "judgment on the counter-claim in the amount of $3,120.90," and that the judgment constituted a lien against the property.

Plaintiff Ambrose W. J. Clay appealed and cited several "complaints." Defendants moved to dismiss the appeal because there was no transcript of the evidence and "all of the complaints in the brief" were based upon "trial evidence." After argument, this Court struck all of the issues except one: "Was it error for the Chancellor to declare a lien upon property of the deceased while the estate of deceased was being administered in another court?"

Under T.C.A. § 31–602(a) the property in question vested in the heirs of Mary Patterson immediately upon her death. It was not part of her estate subject to be sold for payment of her obligations in the absence of proof that Mary Patterson's personal property was insufficient to discharge those obligations. *Id.* No such proof is before us. The property, therefore, is not affected by statutory provisions relating to the administration of decedents' estates including T.C.A. § 30–510.[1] Since the property passed to the heirs, it was not within the jurisdiction of the Probate Court. *See* T.C.A. § 30–603. The Chancellor properly exercised jurisdiction over it. T.C.A. § 16–602.

Additionally, we note that plaintiff is estopped to contest the jurisdiction of the Chancery Court in this action. Plaintiff initiated this suit in Chancery Court. Having invoked the jurisdiction of the Chancery Court, plaintiff is estopped to seek to reverse its decision on the ground of lack of jurisdiction. *Cothron v. Scott,* 60 Tenn. App. 298, 304, 446 S.W.2d 533, 536 (1969) (quoting 31 C.J.S. *Estoppel* § 117 (1964) (footnote omitted)).

Plaintiff's contention is overruled. The judgment of the Chancellor is affirmed with costs to plaintiff.

SHRIVER, P. J., and TODD, J., concur.

## ORDER

LEWIS, Judge.

Plaintiff Ambrose W. J. Clay has filed a "Petition to Re-Hear" and "Motion to Re-

---

1. Plaintiff refers to T.C.A. § 30–509 in his brief although the reference clearly is to the language of § 30–510.

constitute Strucked [sic] Issues in Complaint File." Each of the matters raised in the Petition and Motion has been previously considered by this Court and found to be without merit. The Petition to Rehear and the Motion are overruled with costs to plaintiff.

SHRIVER, P. J., and TODD, J., concur.