# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 14, 2011

## IN RE ESTATE OF BENJAMIN M. BATES AND ESTATE OF PEARL BATES

**Appeal from the Chancery Court for Warren County**
**No. 2461P, 2462P    Larry B. Stanley, Judge**

---

**No. M2011-01064-COA-R3-CV - Filed January 5, 2012**

---

This appeal arises from a claim filed against two decedents' estates to recover the value of improvements made to real estate since 2000. The claimant is one of nine children of the decedents, husband and wife, who died in 1959 and 1962, respectively. The court granted the appellee's claim for the value of improvements made since 2000 to the decedents' former home place. Because the decedents died intestate, their real property immediately vested in their heirs in 1962. Therefore, the real estate the claimant improved beginning in 2000 was not owned by either decedent at that time or thereafter; thus, the award of a claim against the estates of these two decedents is a nullity. Accordingly, the judgment is vacated and the case is remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Mark Freeman, Nashville, Tennessee, for the appellant, Mary E. Ivy.

William D. Mitchell and Frank D. Farrar, Sparta, Tennessee, for the appellee, James L. Bates.

Richard A. Dorris, McMinnville, Tennessee, for the respondents, Estate of Benjamin M. Bates and Estate of Pearl Bates.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

The decedents, Benjamin Bates and Pearl Bates, died intestate in 1959 and 1962, respectively. They had nine children, and the only two surviving are appellee James Bates ("Mr. Bates") and his sister, appellant Mary Ivy ("Ms. Ivy"). At the time of their deaths, both decedents resided at 315 Beersheba Street, McMinnville, Tennessee.

On June 18, 2010, nearly half a century after his last living parent died, Mr. Bates filed two petitions for probate of estate and for granting of letters of administration, one for each of the decedents. Upon the petitions, the Warren County Clerk and Master appointed Mr. Bates as administrator of his parents' estates. On August 16, 2010, Mr. Bates filed an itemized $201,238.00 claim in the Warren County Probate Court against the decedents' estates for money he spent beginning in the year 2000 on the McMinnville property. Mr. Bates's claimed expenses included renovations, upkeep, liability insurance, and yearly taxes on the property.

On September 29, 2010, the court granted the personal representative's motion for publication and the Clerk and Master issued notice that the decedents' estates were being probated. On November 10, 2010, an administrator *ad litem* was appointed to defend both estates. After a hearing[1] in which Mr. Bates testified and presented accountings, photos, and receipts regarding the McMinnville property, the court entered its February 25, 2011 order approving and affirming Mr. Bates's $201,238.00 claim.

On March 21, 2011, Ms. Ivy filed an exception to Mr. Bates's claim against their parents' estates, asserting that the statute of limitations for Mr. Bates's claim against the estates had run and that when their other siblings were alive, there was no agreement among them to reimburse Mr. Bates for improvements he made on their parents' McMinnville property. Upon Mr. Bates's motion, the court dismissed Ms. Ivy's exception to the claim on April 14, 2011, finding that it was filed beyond the Tennessee Code Annotated § 30-2-314 statutory period.[2]

---

[1] The record contains no transcript of any hearings.

[2] Tennessee Code Annotated § 30-2-314(a) provides: Until thirty (30) days after the expiration of four (4) months from the date of the notice to creditors given as provided in § 30-2-306(b), the personal representative, or any party interested in the estate either as creditor, distributee, heir or otherwise, may except to the claim by filing written exceptions in triplicate with the clerk of the court in which the estate is being administered.

Ms. Ivy appeals on the issue of whether the court erred in granting Mr. Bates's $201,238.00 claim against the decedents' estates.

ANALYSIS

Mr. Bates filed two separate petitions on June 18, 2010, to probate the estate of each decedent. Each petition states that "[t]his Estate is being probated primarily to establish ownership and heirship of the [McMinnville property]." However, the record reveals that the real purpose, indeed sole purpose, for filing the petitions was to establish a vehicle by which Mr. Bates could assert a claim to recover the value of improvements he allegedly made to his parents' former home place. The fallacy with this procedure is that neither of the decedents owned the real estate at issue in 2000 or thereafter. Thus, neither decedent's estate is liable for any of the claims asserted by James Bates for improving this property.

Tennessee Code Annotated § 31-2-103 provides that the real property of an intestate decedent shall vest in the heirs *immediately* upon the death of the decedent.[3] It follows that upon the death of Benjamin Bates in 1959 and Pearl Bates in 1962, all of their real property, including the McMinnville property at issue, immediately vested in the heirs. Those heirs would have included James Bates, his sister Ms. Ivy, the other siblings who survived their parents' deaths, and the issue of any deceased siblings. *See* Tenn. Code Ann. § 31-2-104(b)(1).

Accordingly, the McMinnville property at issue here was not an asset of Benjamin Bates or Pearl Bates in 2000 or thereafter, and thus their estates are not subject to creditors' claims pertaining to that property. Therefore, we conclude that the award of $201,238.00 in favor of James Bates against the estates of Benjamin and Pearl Bates is a nullity and must be vacated. This case is remanded for further proceedings consistent with this opinion.

---

[3]The real property would have been subject to the claims of creditors in 1959 and 1962, respectively, had the personal property been insufficient to satisfy such claims. *See Clay v. Hall*, 597 S.W.2d 737, 738 (Tenn. Ct. App. 1980). The record does not indicate that any timely claims were filed; thus the property passed to the heirs.

CONCLUSION

The judgment of the chancery court is vacated and the case is remanded. Costs of appeal are assessed against James Bates.

_____
ANDY D. BENNETT, JUDGE